PeaesoN, J.
 

 One domiciled in the State of Virginia, dies there, leaving a will, appointing an executor who makes probate of the will and takes letters testamentary in pursuance of the law of that State. Does his assent vest the legal title in a legatee in reference to property, which before, and at the death of the testator, was situate in this State? Story’s “ Conflict of laws,” sec. 513 :. “It has hence become a general doctrine of the common law, recognised both in England and America, that no suit can be brought by or against any foreign executor or administrator in the courts of the country in vir
 
 *82
 
 tue of bis foreign letters testamentary or of administration. But new letters of administration must be taken out, and new security given according to the general rules of law prescribed in the country where the suit is brought. The right of the foreign executor or administrator to take out such new administration, is usually admitted, as a matter of course, unless some special reasons intervene; and the new administration is treated as merely ancillary or auxiliary to the original foreign administration, so far as regards the collection of the effects and the proper distribution of them. Still, however, the new administration is made subservient to the
 
 rights of
 
 creditors,
 
 legatees
 
 and
 
 distributees
 
 resident within the country, and the residuum is transmissible to the foreign country only, when the final account has been settled in the proper domestic tribunal upon the equitable principles adopted in its laws.”
 

 The same doctrine is held in
 
 Hyman
 
 v.
 
 Gaskins, 5
 
 Ired., 267, and in
 
 Alvaney
 
 v. Powell, decided at this term, (see Eq. No.) where the subject is fully discussed, so as to make it unnecessary to repeat it.
 

 The result is this : the executor in "Virginia could not maintain a suit in this State, for the slaves alleged to be detained, without making probate and taking letters testamentary in the proper court of this State; consequently, he cannot, by his “ assent,” confer upon a legatee a right to do that which he could not do himself.
 

 Creditors in this State would have no protection, if it was in the power of an executor in Virginia to assent to a legacy of property situate here, so as to vest the legal estate in the legatee: Nor would legatees be able to enforce their rights to an abatement
 
 pro -rata
 
 if the estate should not be sufficient to satisfy the debts and leave enough for the payment of legacies.
 

 We
 
 put our decision upon the ground that an executor in Virginia has no right to assent to a legacy when the property is situate in this State, without making probate and taking letters testamentary in our courts; and for that reason do not advert to the fact that the executor in Virginia, according to the proofs, never did assent. He says, in his deposition, that
 
 *83
 
 be would have assented to the legacy, but for the fact, that he never considered that he, as an executor in Virginia, had any thing to do with property in North Carolina.
 

 This conclusion of his, as we have seen, is fully supported by the authorities.
 

 Judgment affirmed.
 

 Pee CueiaM.