EufRin, J.
 

 The facts are always set forth as'th^y are applicable to the objections raised at the trial; and, thus considered, the Court cannot hold that there ought to be á
 
 vmire de novo.
 

 One of the positions of the appellants was, that the assignee of a foreign administrator can not sue on a bond in the courts of this State, for the reason, and for that only, that the administrator, himself, could not. The contrary, is settled law here;
 
 Leake
 
 v. Gilchrist, 2 Dev. Rep.
 
 63.
 
 The administrator may not have the property in a bond, because his letters may not extend to it, as if he be not within the jurisdiction of the State in which the administration was granted, or other like reason ; but this exception does not profess to impeach the validity of the administration in Georgia, for the want of the domicil or death of the intestate in that State, or because the bonds were not left by the intestate, and come to the possession of the administrator there. It puts the question exclusively on the power of the administrator to make an endorsement, even if the administration be valid, that will vest in the assignee the right of action here.
 

 After verdict, then, it must be taken that every fact v s established on the trial, necessary to invest this administrator
 
 *96
 
 with the power to make an effectual endorsement, if any foreign administrator could, since the only objection here, was, that such an administrator could not make it in any case.
 

 The proposition affirmed in the other exception is, that the law of England is the law of Georgia, as an English colony, and that by that law, bonds are not negotiable, and, therefore, that an administrator, in that State, cannot assign bonds of his intestate, so as to vest a legal right in his assignee. As a general proposition, that also is untrue, and might, for that reason, he properly overruled. If the bonds were given in this State, not payable at any particular place out of the State, an endorsee may sue here upon an endorsement made in Georgia, although by the law of that State, bonds may not be negotiable;
 
 Riddick
 
 v.
 
 Jones,
 
 6 Ire. Rep. 107;
 
 De la
 
 Chau
 
 mette
 
 v.
 
 Bank of England,
 
 2 Barn. and Adolph. 385. And if the bonds were given in Georgia, and were endorsed here, or at any other place, at which bonds are negotiable, they would likewise be within our statute, and the assignee would have an action here;
 
 Hatcher
 
 v.
 
 McMorine,
 
 4 Dev. Rep. 122. The position is only true, then, in the special case that the bonds and endorsements were both executed in Georgia. Of course, we are now considering endorsements by the obligee, who has the unlimited power of assigning by our law, as just mentioned. With respect to endorsements by an adminis-istrator, there is a difference. The administration is necessarily limited to goods and credits of the intestate within the jurisdiction of the country granting it; and bonds, it seems, are
 
 bona notabilia,
 
 where the securities are at the death of the intestate. If these bonds, then, wore in Georgia at the death of the intestate, and came to the administrator’s hands there, the property in them became completely vested in the administrator, and he might, as the legal owner, transfer them by endorsement any where, in the same manner as the obli-gee himself might. He could not do so, if the bonds were here, because his administration did not embrace them, and he was not the owner. The possession of these bonds by the Georgia administrator, creates a presumption that they were
 
 *97
 
 left and found by him, there. If they were, his right to them was perfect, and he was able to pass them by his endorsement ; for, it is for that reason, that the endorsement of an. executor or administrator, as Judge Stoey says, is always made in his own name ; Story on Promissory Rotes, sec-. 123.. But of those exceptions to the general principle, the defendants cannot avail themselves, both because they do not show in their objections, that in point of fact, their case fell within either of the exceptions mentioned, and because they did not raise this point on the trial, but only that bonds, were* not transferable in Georgia, wherever made or endorsed by any person. If, however, the objection had been,, that the bonds and endorsements were executed in Georgia,, it would do-the defendants no good, since, in truth, bonds and promissory notes are found to be negotiable by endorsement, under as. statute of that State, and to have been since the year 1794. It is true, the statute was not given in evidence on the trial; but it is certified to us by the secretary of State, from the statutes of Georgia, in the executive office, and is full to the point, and, therefore, according- to the case of
 
 McDugald
 
 v.
 
 Smith,
 
 11 Ire. Rep. 576, these parties ought not to be sent back to another trial, since the result must be the-same on that trial as on the last. In. that case, a statute- of Maryland was received in evidence, which was not duly certified, and the Court here held that,.although it was erroneously admitted in the Superior Court, and for that reason, the judgment might be reversed, yet,, it ought not to be reversed, because from the statute book, in, the secretary’s office, it was seen that, in fact, there was such a statute in that State, and would be to no purpose to grant a
 
 venire ele novo
 
 on that ground! That is decisive of this case, and the j udgment must be affirmed.
 

 PER Cueiam, Judgment affirmed.