R. S. ABRAMS, Assignee, *v.* THOS. K. CURETON, Adm'r. of GOVAN MILLS, deceased *

A voluntary assignment of a promissory note, without consideration and for the benefit of the assignor, has no legal effect except to constitute an agency to collect; and such assignee, not being the real party in interest, cannot bring a suit on such note in his own name.

A written contract as follows, to wit: "I do hereby agree to receive as agent or assignee the notes above described, upon the following condition and terms. viz: If I can collect the said notes or any part thereof, I am to pay over the same to John Bankston Davis, retaining to myself a reasonable compensation in these notes for my services," and the notes alluded to were also endorsed "I assign the within note to R. S. A. (the plaintiff) for value received," is not such an assignment as will justify the assignee in bringing suit in his own name.

(The case of *Willey* v. *Gatling*, 70 N. C. Rep. 410, cited and distinguished from this.)

CIVIL ACTION to recover the amount of two promissory notes, tried in the Superior Court of POLK county at Fall Term, 1875, before his Honor Judge *Schenck*, and a jury.

In his complaint, the plaintiff alleges that as assignee, he is the owner of two notes, made by the intestate of the defendant, one payable to John Bankston Davis, and by him endorsed to the plaintiff, and another payable to one R. H. Reid, also endorsed by said Davis as attorney for Reid. That these notes were made in South Carolina and draw interest at the rate of seven per cent., and are still due.

The defendant denies that the plaintiff is the owner of said notes, alleging that they were assigned without consideration, and that the plaintiff is only an agent to collect. There are other allegations in the answer as to assets, &c., not material to the point decided in this court, and therefore need not be stated.

---

*NOTE.—Justice BYNUM having been of counsel in this case in the court below, did not sit on the trial of the same in this court.

On the trial, the plaintiff in his own behalf testified, that the notes upon which the action is brought, were endorsed to him by J. B. Davis, and were in his possession when the action commenced. Upon his cross examination he stated, that he considered himself the owner of said notes; that he paid no money for them, but that he agreed to collect the same, retaining a reasonable compensation for his trouble, and pay over the balance to Davis.

The following contract in writing was then offered in evidence. After a copy of the said notes, (set out in the complaint,) it read: "I do hereby agree to receive as agent or assignee, the notes above described, upon the following condition and terms, viz: If I can collect the said notes or any part thereof, I am to pay over the same to John Bankston Davis, retaining to myself a reasonable compensation in these notes for my services. Witnes my hand, seal, &c., and signed by plaintiff.

The plaintiff also proved that the following endorsements on the notes were made at the same time of the signing of the foregoing contract: "I assign the within note to R. S. Abrams, for value received. Oct. 30th, 1869." Signed by said J. B. Davis.

The defendant offered in evidence a paper purporting to be a transcript of a suit in equity, pending in Spartanburg county, and State of South Carolina. To this the plaintiff objected; whereupon the defendant proposed to prove by parol testimony, that W. D. Johnston was Chancellor of Spartanburg county, S. C., on the 4th day of June, 1868, at the time the injunction purports to be signed by him. To this plaintiff again objected and the objection was sustained. To this ruling of the court the defendant excepted. His Honor allowed the bill and answer to be read, but refused to hear the injunction, for the reason that it was not signed officially, and there was no evidence that it was ever served on Davis and Reid. Defendant again excepted.

It was also in evidence that the courts of law and equity or chancery, were consolidated in South Carolina, previous to the institution of this suit; and that the Clerk of the Superior Court is also the Clerk of the Equity or Chancery Court, and has control of the old chancery or equity papers and records.

The defendant asked his Honor to charge the jury, that upon the evidence offered, that the plaintiff was not entitled to their verdict on the first issue. Upon the second, that he was not the real party in interest in said notes, and that he has no such interest in said notes as would entitle him to bring an action in his own name.

The defendant asked his Honor to charge further, that as the notes upon which the action has been brought, were made in South Carolina and there was no evidence as to where the assignment was made, whether in North or South Carolina, the common law was presumed to prevail in South Carolina, in the absence of evidence to the contrary; and that according to the common law, said notes were not negotiable or assignable in that State, and that the plaintiff could not recover. The defendant further relied on section 99, Code of Civil Procedure.

His Honor declined to give the instruction asked for by the defendant, and charged the jury that if they believed the evidence, they would find the issues in favor of the plaintiff. Defendant excepted.

The jury found for the plaintiff, who had judgment in accordance with their verdict.

From this judgment defendant appealed.

*Battl', Battle & Mordecai* and *Montgomery,* for appellant. *Smith & Strong,* contra.

PEARSON, C. J. "Every action must be prosecuted in the name of the real party in interest." C. C. P., sec. 55.

This provision is significant, and was necessary in order to

let in all defenses, as well equitable as legal, against the real
party in interest, and save a resort to another action, so as to
work in harmony with the provision of the Constitution. Art.
II, sec. 1. "The distinction between actions at law and suits
in equity and the powers of all such actions and suits shall be
abolished," &c. For instance, the holder of a note, without
endorsement under the old system, sued in the name of the
payee, and if the defendant had any defense, legal or equitable
against the holder, who was the real party in interest, it could
only be set up by a suit in equity.

In our case, Davis is the real party in interest, and to allow
an action to be prosecuted in the name of Abrams, who is
merely an agent or attorney for collection, would make this
section of C. C. P. of no effect.

Not being able to stand the force of this battery, the coun-
sel for the plaintiff yielded his first position and fell back
upon sec. 57 : "An executor or administrator, a *trustee of an
express trust*, or a person expressly authorized by statute, may
sue without joining with him the person for whose benefit the
action is prosecuted," and relied on *Willey* v. *Galling*, 70 N.
C. Rep. 410, to support his prosecution.

In that case Willey received the note as "a collateral" to
secure a debt due to him. So the effect was to constitute him
a trustee for himself to the amount of his debt, with a result-
ing trust to the grantor for the excess.

In this case there is no consideration whatever for the as-
signment of the note ; it would seem the motive was to avoid
the supposed bearing of certain proceedings of a court in the
State of South Carolina.

Whether a Court of Equity in a "creditor's bill" has power
to enjoin creditors, who are not parties, from sueing an ad-
ministrator, unless it be necessary for the protection of a fund
which the court has taken into its keeping ? Whether such an
injunction, supposing it to be valid, would have the *effect of*
preventing a creditor from suing in another State ? are ques-

tions into which we do not enter.   We refer to them merely as tending to show that the assignment being voluntary, that is, without consideration, and for the benefit of the assignor, cannot be allowed any legal effect, save that of constituting an agency to collect.

Under C. C. P., as amended, see Battle's Rev., sec. 68, Act of 1868–9, in transitory actions, the summons must be returnable either to the county in which the plaintiff or the defendant resides.   If the party really interested in a note, can by a voluntary assignment for the purpose of collection, enable the assignee to sue in the county in which he resides, this provision of the statute amounts to nothing, and the summons may be returnable to any county which the party really interested, may choose to select.

Thus it is clear, that to allow this action to be maintained in the name of Abrams, will nullify sec. 57, C. C. P., as to the real party in interest, and also sec. 68, Act of 1968–69, which, instead of requiring the action to be brought in the county where the defendant resides (as under C. C. P.,) al lows the plaintiff to bring it in the county in which he or the defendant resides.   This the court is not at liberty to do. True, in this particular case the action is localized by sec. 68, C. C. P., Bat. Rev., that is, fixed in the county where administration is granted, but the principle is general, and would extend to transitory actions, and enable plaintiffs to select any county without reference to the residence of either the plaintiff or the defendant.

Judgment below reversed, and judgment that defendant go without day and recover his costs.

PER CURIAM.                          Judgment reversed.