GEO. W. WYNNE v. J. M. HECK.

*Trustee of an Express Trust—Parties.*

The plaintiff having transferred the claim, upon which this action was subsequently brought, to an attorney at law, for collection, and with directions to him to apply the proceeds to demands which he held for collection against the plaintiff due other parties; *Held,*

1. The plaintiff cannot maintain an action in his name to recover the sum alleged to be due upon the claims.

2. That the effect of the transfer was to vest the ownership of the claim in the attorney, as a "Trustee of an Express Trust," and the action should have been brought in his name alone, or, in conjunction with those of the *cestui que trust*. *The Code*, §§177 and 179.

(*Willey* v. *Galling*, 70 N. C., 410, cited and approved; *Abrams* v. *Cureton*, 74 N. C., 523, cited and distinguished).

CIVIL ACTION, tried on the report of the referee, Geo. V. Strong, Esquire, and the exceptions filed thereto, before *Gudger, Judge,* at August Term, 1884, of WAKE Superior Court.

The Court adopted the findings of fact and affirmed the conclusions of law of the referee, overruled the plaintiff's exceptions, and adjudged the action be dismissed.

From this judgment the plaintiff appealed.

The facts sufficiently appear in the opinion.

*Messrs. Gray & Stamps* and *Armistead Jones,* for plaintiff.
*Messrs. Pace & Holding,* for defendant.

MERRIMON, J. The plaintiff alleged in his complaint that the defendant was indebted to him on sundry accounts in the sum of $679.48. This, the defendant in his answer, denied, and thus it became necessary for the plaintiff to establish his alleged debt by proper proof.

By consent of the parties, the whole matter in contention was referred, under *the Code of Civil Procedure,* with instructions to the referee to report his findings of law and fact. The referee among other things, reported as follows :

"Prior to the commencement of this action, E. R. Stamps, an attorney at law, had certain claims against the plaintiff in his hands for collection, and presented the same to him for payment, who thereupon transferred to the said Stamps the account on which this action is brought, for collection, it being agreed between them at the time, that said Stamps should collect the same and apply the proceeds to the claims so held by him for collection against the said Wynne.

"The plaintiff cannot maintain this action, but it should have been brought in the name of the said E. R. Stamps as trustee of an express trust."

Upon these findings the court held, and we think properly, that the plaintiff could not recover. It is obvious that the plaintiff sold and transferred his debt against the defendant to E. R.

Stamps, upon the express trust that he should collect the same, and apply the money when collected, to the payment of the debts he, as attorney, held against the plaintiff for collection. The trustee had the ownership of the debt, and he was charged by the trust to collect it, not for the plaintiff, but for certain of his creditors. The plaintiff could not of right reclaim it, nor could he sell or dispose of it to another, except subject to the trust. The debt belonged to Stamps as trustee of an express trust. *The Code*, sec. 177, provides that the action must be brought in the name of the party in interest, unless as otherwise provided, and section 179 provides, that the trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted, but he, in such case, must sue alone, or join the beneficiary with him. *Willey* v. *Gatling*, 70 N. C., 410.

The counsel for the plaintiff cited and relied upon *Abrams* v. *Cureton*, 74 N. C., 523. That case is not like, but very different from this. In this case, the plaintiff transferred his debt to the trustee for a valuable consideration, that is, that the trustee would collect the debt, and with the money pay certain debts owed by the plaintiff to certain persons. In that case there was no consideration. Abrams was merely an agent or attorney, who undertook to collect certain notes for the owner of them, who did not part, nor intend to part with the ownership of them.

There is no error, and the judgment must be affirmed.

No error.                          Judgment affirmed.

Merrimon, J. This is the defendant's appeal in the case last reported. In the court below, the plaintiff failed to establish his alleged debt against the defendant, and the Court gave judgment for the latter in that respect. The plaintiff appealed to this Court, and we have affirmed the judgment. This put an end to the action, except in respect to the counter-claim pleaded by the defendant.

It might be questioned whether the alleged indebtedness of the plaintiff to the defendant, and pleaded as a counter-claim, was in strictness such, but it is unnecessary to decide any question in that respect, because the referee found the facts, and as matter of law, that the debt was barred by the statute of limitations. There was no exceptions to this finding, and the Court affirmed it.

So that the appeal of the defendant was improvidently taken. It presents no question for our decision, and must therefore, be dismissed.

Appeal dismissed.