J. A. HARTNESS, Assignee, v. D. WALLACE et al.

*Partnership—Misapplication of Partnership Funds by One Partner—Payment of Individual Indebtedness with Partnership Funds—Jurisdiction.*

1. One partner has no right, without the consent of his co-partners, to apply the funds, or other effects of the partnership, to the payment of debts, contracts or obligations binding upon himself individually, and with which the partnership has no connection.

2. Where one partner, in discharge of his individual indebtedness, and without the knowledge or consent of his co-partner, transferred to W., by endorsement in the firm name, a note belonging to the firm and past due, the partnership receiving no benefit, and being, at the time, insolvent, and the note was afterwards paid by the obligor to W.: *Held*, in an action by the assignee of the firm against W. to collect the amount paid him, that the plaintiff was entitled to recover.

3. In such case, the amount sued for being less than two hundred dollars, a justice of the peace has jurisdiction of the action.

This was a CIVIL ACTION, commenced before a Justice of the Peace and carried by appeal to the February Term, 1889, of IREDELL Superior Court, and tried before *Shipp, J.*

By consent a jury trial was waived, and his Honor found the facts as follows:

1. The firm of Connelly & Deitz consisted of one J. B. Connelly and M. J. Deitz, and was organized eight or ten years ago, and continued in the business of buying and selling wagons and buggies until the assignment made by said firm to the plaintiff J. A. Hartness, in the month of August, 1888.

2. That on the 27th day of the month of June, 1888, M. D. Hobbs purchased from Connelly & Deitz one buggy for the sum of $85, and gave his promissory note for said amount, bearing 8 per cent. interest per annum, one day after date, and payable to Connelly & Deitz.

3 That on the 3d day of July, 1888, the said note was transferred and assigned to Wallace Bros., the defendants, by J. B. Connelly, one of the partners of the firm of Connelly & Deitz, in part payment of the individual indebtedness of said J. B. Connelly to Wallace Bros., by writing across the back of said note "Connelly & Deitz." That said transfer or assignment was made without the knowledge or consent of the said M. J. Deitz, and that said firm of Connelly & Deitz, or the said Deitz, has never received any benefit on account of said note.

4. That on the 16th of August, 1888, the said M. D. Hobbs paid to the said Wallace Bros., the defendants, the full amount of the principal of said note, viz., $85, and the accrued interest thereon, viz., $1, total $86, which was prior to the general assignment of Connelly & Deitz.

5. That at the time the said note was transferred by J. B. Connelly to Wallace Bros., the firm of Connelly & Deitz was insolvent and was insolvent six months before the assignment, but it was not known to the public at large until this assignment on August 24, 1888.

6. That on the 24th day of August, 1888, Connelly & Deitz made a deed of trust or assignment to the plaintiff J. A. Hartness, and conveyed to him certain personal prop-

erty and all the choses in action that belonged to said firm, in trust to sell said property and collect the debts due the firm for the use and benefit of the creditors of said firm and that the assets turned over to the plaintiff as assignee aforesaid were much less than the amount of debts due and owing by said firm.

7. That J. B. Connelly and M. J. Deitz were each the owner of one-half interest in said firm.

8. That J. B. Connelly failed and made an assignment for the benefit of his creditors on the 11th day of August, 1888.

9. That the defendants knew of the existence of the firm of Connelly & Deitz, and of the business they carried on.

The above are the facts found by consent.

Upon the facts so found his Honor rendered the following judgment:

"Upon this finding of facts I am of opinion that the plaintiff is entitled to judgment. It is considered that he recover the sum of eighty-five dollars ($85), and interest, and the costs, to be taxed by the Clerk."

The defendants having excepted, appealed.

*Mr. C. H. Armfield* (by brief), for plaintiff.
*Mr. L. C. Caldwell*, for defendants.

MERRIMON, C. J.: The contention that the action involves and requires an account and settlement of the partnership matters and business mentioned, and, therefore, the Court of a Justice of the Peace had not jurisdiction of the subject-matter of the action, is unfounded. The firm mentioned, by its deed of assignment, conveyed to the plaintiff "certain personal property and all the choses in action that belonged to the firm, in trust to sell said property and collect the debts due the firm for the use and benefit of the creditors," &c. The sole purpose of the action is to collect (recover)

a sum of money less than two hundred dollars, the amount of a note due the partnership so assigned to the plaintiff and collected by the defendants under claim and color of ownership thereof. If the note so collected by the defendants belonged to the partnership at the time the deed of assignment was executed, it passed to the plaintiff. If, before or after that time, they so collected the money due upon it, as they did, the plaintiff could maintain this action, because, in that case, the money was so collected by them for the firm and the plaintiff as assignee, and the action is brought to recover a sum within the jurisdiction of a Justice of the Peace. And the plaintiff could maintain the action in his own name. The statute (*The Code*, §§ 177, 179) provides that, "the real party in interest" must sue in his own name, except that "a trustee of an express trust (as in this case) may sue without joining with him the person for whose benefit the action is prosecuted." *Abrams* v. *Cureton*, 74 N. C., 523; *Alexander* v. *Wriston*, 81 N. C., 191; *Wynne* v. *Heck*, 92 N. C., 414.

It is very clear that one partner has no right, without the consent of his co-partners, to use, devote or apply the funds, securities or other effects of the partnership to the payment or discharge of debts, contracts or obligations binding upon himself individually, and with which the partnership has no connection. Such use of such securities would be, not simply a misapplication thereof, but as well a fraud upon the partnership, participated in by the partner so misapplying the same, and also his creditor, if the latter had notice of such misapplication, and he would be presumed to have such notice, though he might show the contrary if he could. That the securities belong to the partnership, or appear to belong to it, puts the creditor of the individual partner on notice of its rights. Hence, in Story on Partnership, section one hundred and thirty-two, it is said: "In such cases the creditor, dealing with the partner, and knowing the circumstances, will be deemed to act *mala fide*, and in fraud of the

partnership, and the transaction by which the funds, securities and other effects of the partnership had been obtained, will be treated as a nullity." Hence, also, it is said in Collyer on Partnership, section 496, "But a series of decisions has shown that if the separate creditors of a partner take a partnership security towards the discharge of his separate debt, the fact alone, unless explained by particular circumstances, is conclusive evidence to charge the creditor with fraud, or with gross negligence amounting to fraud; and, consequently, that the firm is not bound by such transaction." Also, in 3 Kents' Com., 42, it is said, "But if partnership security be taken from one partner, without the previous knowledge and consent of the others, for a debt which the creditor knew at the time was the private debt of the particular partner, it would be a fraudulent transaction, and clearly void in respect to the partnership," &c.

In *Cotton* v. *Evans*, 1 Dev. & Bat. Eq., 295, Chief Justice RUFFIN said : "I admit, therefore, that the cases cited, and numerous others establish, that if a separate creditor take from his debtor a partnership security for his debt, the fact alone is conclusive evidence of fraud and vitiates the security. I use the term fraud, because I consider it embracing not only actual collusion, but what has been called gross negligence, in reference to this subject; though, it seems to me, that the fault of the creditor is not so much one of *laches*, as of positive wrong, in gaining a security which he must know his debtor ought not to give, nor, consequently, to be taken. This is certainly of itself a fraud." And afterwards, in *Weed* v. *Richardson*, 2 Dev. & Bat., 535, he said : "It is now well settled at law that it is *prima facie* fraudulent for a creditor of one of the firm to take from him the security of the firm ; for it is a security which the creditor knows his separate debtor ought not to give without the consent of the firm, and, therefore, he cannot honestly take." *Wharton* v. *Woodburn*, 4 Dev. & Bat., 507; *Troy* v. *Carter*, 3 Ired , 238;

*Abpt* v. *Miller*, 5 Jones, 32; *Ross* v. *Hendersn*, 77 N. C., 170; *Dale* v. *Halsey*, 16 John., 34; *Rogers* v. *Batchelor*, 12 Pet., 229.

The note here in question was due and payable to Connelly & Deitz, partners, and past due. Connelly, of this partnership, without the knowledge or consent of his co-partner, transferred it by endorsement in the firm name of the defendants, in payment of his own individual debt due to them, and the firm never received any benefit of the same. The defendants knew, or ought to have known, that Connelly had no right to misapply a note due to the firm, and they had no right to receive it in payment of his debt due them.

No question (though it was contended to the contrary) whether in law or equity, as to any interest Connelly might have had in the property of the partnership is presented, because the latter was insolvent at and before the time the defendants so obtained the note, which they afterwards collected. Nor can any question as to the effect of the endorsement of the note arise. It was past due when endorsed, and moreover, the defendants were not holders without notice of the misapplication of the note as a security belonging to the partnership.

Judgment affirmed.