J. WESLEY MOREFIELD, Administrator of J. C. Foddrill, v. W. E.
HARRIS.

(Decided May 22, 1900.)

*Administrator Appointed in Another State—Ancillary Ad-
ministrator Appointed Here—Bona Notabilia—Attach-
ment Issued by Justice—Lien, When.*

1. An administrator can not sue in this State by virtue of his appoint-
ment in another State. There must be an ancillary administrator
appointed here.

2. A transcript of judgment obtained by the administrator and brought
here is sufficient *notabilia* to warrant the appointment of such
ancillary administration.

3. Attachment issued by Justice creates a lien from its levy, and not
merely from docketing of the judgment in Superior Court. Code,
sec. 354.

CIVIL ACTION, with attachment proceedings, heard on
appeal from Justice's Court before *Allen, J.,* at Spring Term,
1899, of the Superior Court of STOKES County.

T. M. Foddrill, administrator of J. C. Foddrill, in
Georgia, obtained a judgment in Georgia against the defend-
ant, W. E. Harris, resident there. A transcript of said judg-
ment was forwarded to Wesley Morefield, with directions to
take out auxiliary letters of administration in Stokes County,
N. C., and issue summons and attachment against the defend-
ant, which was done, and attachment levied on land there
belonging to defendant.

The Justice rendered judgment in favor of plaintiff for
$193.98, and interest, and returned the papers to Clerk
Superior Court.

Defendant appealed to Superior Court, and his Honor
affirmed the judgment, and adjudged that the attachment was

a lien from the docketing of the judgment, and not from its levy.

Defendant excepted and appealed from the judgment. The grounds of exception are stated in the opinion.

*Mr. A. M. Stack,* for appellant.
*Mr. W. W. King,* for appellee.

CLARK, J.  The administrator in Georgia who obtained a judgment against the defendant, also resident in that State, seeks to subject realty of the defendant lying in this State. The administrator appointed in Georgia can not sue in this State (*Butts v. Price,* 1 N. C., 201; *Anon.,* 2 N. C., 355; *Leake v. Gilchrist,* 13 N. C., 81; *Smith v. Munroe,* 23 N. C., 345; *Sanders v. Jones,* 43 N. C., 246; *Stamps v. Moore,* 47 N. C., 80; *Grant v. Reese,* 94 N. C., 720), but ancillary administration must be taken out here. 13 Am. and Enc., (2nd Ed.), 921. The intestate had no property in this State, but when a certified copy of the Georgia judgment is sent here, that is sufficient *bona notabilia* to authorize administration here under The Code, sec. 1374 (3). *Shields v. Insurance Co.,* 119 N. C., 380. The creditor, if he had lived, could have sued here upon the debt, and have procured service by attaching the property here of the debtor who is a nonresident of this State. The administrator is simply the personal representative of the intestate, and has the same right of action, and to attach property of a non-resident as the basis of jurisdiction which the intestate would have had if living. Any other view would be a denial of justice. In *Leake v. Gilchrist, supra,* it is said that the assignee of the debt by the administrator appointed at the domicile of the deceased could maintain an action here, and this is reaffirmed in *Grace v. Hannah,* 51 N. C., 94; *Riddick v. Moore,* 65 N. C., 382.

Of course the assignee could have no higher right to sue than an ancillary administrator appointed in this State, and one of the Court (*Hall, J.*), adds that administration should be taken out in this State to sue on the debt, if it had not been assigned. Under the present Code (sec. 177), an assignee for purposes of collection could not maintain the action. *Abram v. Cureton,* 74 N. C., 523. In *Smith v. Munroe,* 23 N. C., RUFFIN, C. J., points out that our statute (now with some amendment, Code, sec. 1374), was intended to prevent disputes as to what county should grant administration, where the deceased left goods in more than one county, and was not intended to exclude the necessary power to authorize administration where the intestate died out of this State, and holds that a right to a distributive share in an estate, or debts however desperate, or even a claim of one who had assigned for benefit of creditors, was sufficient *bona notabilia* to authorize grant of administration here upon the estate of one who died non-resident. In *Shields v. Insurance Company,* 119 N. C., 380, it was held that an ancillary administrator appointed in this State upon the estate of one dying domiciled in Alabama, upon proof that there was property in this State (there a policy of insurance) could maintain an action "no matter when or how such chattels were brought within this State," and that is conclusive of the present action. "Being under a valid appointment and having in his hands the policy sued on, the law did not allow the debtor to contest his right to collect on behalf of the administrator in Alabama." To same purport it has been generally held in other States, that if property is brought after the owner's death into a State of which he was not a resident, ancillary administration may be granted there though he did not own any property in such State at the time of his death. *In re Hughes,* 95 N. Y., 55; *Johnston v. Smith,* 25 Hun. (N. Y.), 171; *Saunders v. Weston,* 74 Me.,

85; *Stearns v. Wright,* 51 N. H., 600; *Pinney v. McGregory,* 102 Mass., 186; *McCord v. Thompson,* 92 Ind., 565; *Green v. Rugely,* 23 Tex., 539, the latter case citing English authorities to the same effect. The lien relates back to the date of the levy, and not merely to the date of docketing the judgment in the Superior Court. Code, sec. 354.

Affirmed.