|108    609|
a209s 358|

## James Milligan, Jr., v. Thomas E. MacKinlay.

1.  ACTIONS—*In Whose Name Suit for Conversion Should Be Brought.*—A suit for the conversion of property must be brought in the names of the persons entitled thereto at the time of the conversion.

2.  PARTNERSHIP—*Partners Have a Joint Interest in All the Partnership Property.*—Each member of a partnership has a joint interest in all the partnership property.

Trespass on the Case, for embezzlement.   Appeal from the Circuit Court of La Salle County: the Hon. CHARLES BLANCHARD, Judge presiding.   Heard in this court at the April term, 1903.   Affirmed.   Opinion filed June 8, 1903.

LESTER H. STRAWN, attorney for appellant.

D. B. SNOW, attorney for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellant sued appellee in an action on the case charging the embezzlement of certain sums of money.   The declaration contained one count, to which a demurrer was sustained.   Appellant filed an additional count, to which a demurrer was also sustained.   He elected to abide by the declaration, and the court dismissed the suit.

The declaration alleged that appellant and appellee were members of a stock company, or syndicate, called the " South Ottawa Improvement Association," not incorporated, to buy, subdivide and sell real estate for profit in the city of Ottawa; that appellee was chosen and acted as secretary of the same, and by virtue of his office of secretary

received and collected, in trust for said syndicate, large sums of money belonging to it, and wrongfully, fraudulently and maliciously, at the time of the collection of such sums, during the years 1887 to 1895, appropriated the same to his own use, with the intention of never accounting therefor and embezzling the same, and that he has never accounted for or paid over the same; that appellant, being a member of said syndicate, and entitled to a share of its assets, on October 1, 1896, filed a bill against appellee and others, charging the receipt of large sums of money by appellee, as such secretary, which were never completely accounted for, and praying that an accounting be made and the rights and interests of all the parties be determined by the court; that appellee filed his answer, denying the allegations of the bill; that thereafter the master made a report, and a decree was entered by the court, finding appellee indebted to the syndicate in the sum of $5,147.78, and that appellee had forfeited his interest in said syndicate; that it was decreed by the court that appellee was indebted to appellant, on account of his proportion of the money so embezzled, in the sum of $1,008.15, and that appellant have judgment therefor; that said decree and findings are in full force and not in any part or manner reversed, annulled or satisfied; and that "so the defendant wrongfully and maliciously deprived plaintiff out of said sum of $1,008.15." The second count charges that the syndicate was not a partnership and was not incorporated; and, in addition to the general statement of facts contained in the first count, states that appellee has no property subject to execution, and that said court of chancery can not enforce the payment of the sum found due from appellee to appellant.

The question to be determined is, whether this declaration states a cause of action in tort in appellant against appellee. We are of opinion that the averments of the declaration show the so-called syndicate, or stock company, was a partnership, and the possession of a firm's assets by one of the partners could not constitute an embezzlement thereof, because each partner had a joint interest in all of the money in question. (10 Am. & Eng. Enc. of Law, 2d

Ed., 1006.) If, however, it could be held that there was a difference between the syndicate in question and a partnership, and that, as appellee was the secretary thereof and had the custody of the moneys, he could be held liable for the embezzlement of the same, or if it be said that the decree establishes the fact that he was guilty of embezzlement, in either case appellant could not individually maintain an action on the case against him for the tort so committed, as the moneys, at the time of the embezzlement, belonged to the syndicate, and not to the individual members. The tort, if any, was therefore against the partnership, or syndicate, and not against the individual members thereof separately, and any action for the tort must be brought in the name of the syndicate, or in the names of all the persons composing the same.

A suit for the conversion of property must be brought in the names of the persons entitled thereto at the time of the conversion, and the fact that a court of chancery thereafter determined the proportionate rights of several individuals in the property, would not give them separate rights of action for its conversion. Appellant could not have maintained an action at law against appellee to recover his portion remaining in the hands of the appellee, whether embezzled or properly held, until after an accounting and an ascertainment of the amount due to appellant. That accounting might either be by agreement between the parties or by decree in chancery, as in this case. Since that decree was rendered, finding a certain sum due from appellee to appellant, it is not claimed that appellee has been guilty of any tort, the embezzlement being alleged to have been committed before that time.

We conclude that the declaration does not state a cause of action in appellant against appellee in an action on the case for money obtained or retained by fraud or embezzlement. The demurrer to the declaration was therefore properly sustained, and the judgment of the court below is accordingly affirmed.