## JAMES MILLIGAN, Jr.

*v.*

## THOMAS E. MACKINLAY.

*Opinion filed April 20, 1904.*

1. PARTNERSHIP—*members of unincorporated stock company are partners.* Members of an unincorporated stock company formed for the purpose of buying and selling for profit are partners.

2. SAME—*one partner cannot sue another on partnership demand until accounts are settled.* · One partner cannot maintain an action at law against another upon a demand growing out of a partnership transaction until the accounts are settled and a balance struck.

3. SAME—*action of tort cannot be based on decree.* An action of tort cannot be maintained by one partner against another under a decree requiring the latter to account to the former for embezzled funds, where the defendant has not been guilty of fraud in withholding payment after the decree was entered, since to permit such action would be making the decree, instead of the wrong of the defendant, the basis of the action.

*Milligan* v. *Mackinlay*, 108 Ill. App. 609, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the Second District affirming a judgment of the circuit court of LaSalle county sustaining a demurrer to the declaration in an action on the case and dismissing the suit.

The declaration, as amended, contained two counts, the first of which alleged that the plaintiff and defendant were members of a stock company or syndicate, not incorporated, called the "South Ottawa Improvement Association," and generally known and spoken of as the "Highland Syndicate," formed to buy, subdivide and sell real estate for profit in the city of Ottawa; that defendant was chosen and acted as secretary of the same, and

by virtue of his office as secretary received and collected, in trust for said syndicate, large sums of money belonging to it, and wrongfully, fraudulently and maliciously, at the time of the collection of said sums, during the years 1887 to 1895, appropriated the same to his own use with the intention of never accounting therefor, and embezzled the same, and that he has never accounted for or paid over the same; that plaintiff, being a member of said syndicate and entitled to a share of its assets, on October 1, 1896, filed a bill against the defendant and others, charging the receipt of large sums of money by the defendant, as such secretary, which were never completely accounted for, and praying that an accounting be made and the rights and interests of all the parties be determined by the court; that the defendant filed an answer denying the allegations of the bill; that thereafter the master made a report, and a decree was entered by the court finding defendant indebted to the syndicate in the sum of $5147.78 and that the defendant had forfeited his interest in said syndicate; that it was decreed by the court that the defendant was indebted to the plaintiff, on account of his proportion of the money embezzled, in the sum of $1008.15, and that plaintiff have judgment therefor; that said decree and findings are in full force and not in any part or manner reversed, annulled or satisfied, and so the defendant wrongfully and maliciously defrauded plaintiff out of said sum of $1008.15. The second count, in addition to the general statement of facts contained in the first count, charged that the syndicate was not a partnership, and states that the defendant has no property subject to execution, and that said court of chancery cannot enforce the payment of the sum found due from the defendant to the plaintiff.

LESTER H. STRAWN, for appellant.

D. B. SNOW, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

We are of the opinion that the declaration did not state a cause of action, and that the demurrer thereto was properly sustained. Under the decisions of this court the relation existing between the members of said syndicate was that of partners; (*Morse* v. *Richmond*, 97 Ill. 303; *Winstanley* v. *Gleyre*, 146 id. 27;) and the doctrine is well settled that an action at law will not lie in favor of one or more partners, or their representatives, against one or more co-partners, or their representatives, upon a demand growing out of a partnership transaction, until there has been a settlement of accounts and a balance struck. (15 Ency. of Pl. & Pr. p. 1005.) As it does not appear from the declaration that the defendant has been guilty of fraud in withholding payment of said sum since the decree was entered, an action in tort in favor of the plaintiff will not lie for the amount found to be due him by the decree. To hold that an action in tort would lie in favor of the plaintiff would be to hold, in case of the misappropriation of funds by a partner, that so soon as the amount due each partner upon a bill for an accounting had been determined, the partner in arrears would become immediately liable in tort to his co-partners, respectively, for the several amounts found to be due them, the effect of which would be to make the decree the basis of an action of tort, and not the wrong of the defendant, as prior to the entry of the decree no action at law could be maintained against the partner in default by his co-partners, or either of them. Such is not the office of a decree in chancery.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*