PETER CASSIDY AND J. McFADDEN v. THE SALINE COUNTY
BANK.

(Filed September 3, 1904.)

1. **PARTNERSHIP—Existence a Question of Fact—Appeal—Review.** Where a partnership is disputed, its existence in a given case is a question of fact to be determined by the court or jury; and where such an issue is submitted to the court, and the evidence reasonably sustains the court's findings, such findings will not be disturbed by the appellate court.

2. **SAME—Authority of Partner—A Question of Fact, When.** Where the evidence is conflicting on the question as to whether a certain act of a partner was within the scope of his authority, or was ratified by the other partner, this is also a question of fact for the determination of the court or jury, as the case may be.

3. **SAME—Authority of Partner.** Any act done by a partner within the scope of the partnership conferred upon him, is binding upon all the partners as a firm.

4. **SAME—Act of Partner—Subsequent Ratification a Question of Fact.** A subsequent ratification of an act by one partner, even in excess of the scope of the partnership, is equivalent to antecedent authority. And this is likewise a question of fact for the determination of the court or jury, and is to be determined by a consideration of all the circumstances surrounding the particular transaction.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before Benj. F. Burwell, Trial Judge.*

*H. M. Armistead, T. G. Cutlip* and *McLain Taylor,* for plaintiffs in error.

*B. B. Blakeney,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought in the district court of Pottawatomie county by The Saline County Bank

against Cassidy & McFadden, a firm composed of Peter Cassidy and J. McFadden, to recover the sum of $2,006.77, alleged to be due on certain overdrafts.

The material averments in the petition were, that the defendants, Peter Cassidy and J. McFadden, were partners, engaged in the business of railroad contracting in the State of Arkansas, and while so engaged in said business said firm made overdrafts on the plaintiff bank, at divers times during the years 1897, 1898, 1899 and 1900. That said plaintiff paid said overdrafts to the amount of $2,773.70; and that there remains due and unpaid on such overdrafts, the sum of $2,006.77, for which plaintiff prays judgment.

To this petition the defendant J. McFadden filed a separate answer, under oath, denying the existence of a partnership between Peter Cassidy and J. McFadden, and also denying each and every allegation contained in said petition.

Upon the issues thus joined, the cause was tried to the court, without the intervention of a jury. The court found the issues in favor of the plaintiff and against the defendant, and found specially in its judgment that the defendants Peter Cassidy and J. McFadden were partners, engaged in railroad contracting, as set forth in the petition; and the court further found that the plaintiff, the Saline county Bank, should have judgment against the defendant J. McFadden for the sum of $1,666.90, and entered judgment accordingly. From this judgment the defendant J. McFadden appeals.

It is elementary, that whether a partnership exists in a given case is a question of fact, to be determined by the court or jury. In this case, a jury having been waived by

the parties, it was for the court to determine whether or not, under the evidence adduced at the trial, a partnership existed between Peter Cassidy and J. McFadden. Upon this question the court found the issues in favor of the plaintiff, and against the defendant. And an examination of all of the evidence, which is incorporated in the case made, in our opinion fully justifies the findings of the trial court upon this issue.

The court having found that a partnership existed between Cassidy and McFadden, the next question for determination was whether or not the action of Cassidy in transferring certain moneys from the account of Cassidy & McFadden to the account of Cassidy, was within the scope of the partnership. Whether a partner acts within the scope of the partnership is likewise a question of fact, for the determination of the court or jury; as the case may be. In *Irwin v. Williar,* 110 U. S. 499, Mr. Justice Matthews, in the course of the opinion, used the following language:

"The liability of one partner, for acts and contracts done and made by his co-partners, without actual knowledge or assent, is a question of agency. If the authority is denied by the actual agreement between the partners, with notice to the party who claims under it, there is no partnership obligation. If the contract of partnership is silent, or the party with whom the dealing has taken place has no notice of its limitations, the authority for each transaction may be implied from the nature of the business, according to the usual and ordinary course in which it is carried on by those engaged in it, in the locality which is its seat, or as reasonably necessary or fit for its successful prosecution. If it cannot be found in that, it may still be inferred from the actual though exceptional course and conduct of the busi-

ness of the partnership itself, as personally carried on with the knowledge, actual or presumed, of the partner sought to be charged."

It seems to us that the trial court was also warranted in finding from the evidence that McFadden not only had knowledge of the fact that the deposit had been transferred from the account of Cassidy & McFadden to the account of Cassidy, but that he ratified such act after having such knowledge; and the law is well settled that the subsequent ratification of the act of one partner, even in excess of the partner's authority is equivalent to antecedent authority. (22 A. & E. Enc. Law [2nd. ed.] 136; *McGahan v. Bank of Rondout,* 156 U. S. 218.)

In our opinion, every question presented by the record involved an issue of fact which was submitted to the court below, and having been found and determined against the contention of the plaintiff in error, it will not be disturbed by this court, there being evidence to warrant the finding of the trial court. In other words, the existence of the partnership, whether the funds were properly transferred from the account of Cassidy & McFadden to the account of Cassidy, whether he acted within the scope of his authority, whether McFadden had knowledge of such acts and conduct, and subsequently ratified the same, were all questions of fact to be determined by the trial court, and there being evidence reasonably tending to support each and all of these findings of fact, they are conclusive upon this court. No estoppel was pleaded by the defendant in this case, and we are unable to perceive how that question could arise under the pleadings, as they were joined, and the facts of this case.

Finding no error in the record, the judgment of the district court is affirmed.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.