This action was commenced by Martin Garrett, agents, before a justice of the peace, to recover the sum of $166.65, and interest on $166.65 from 14 December, 1910, due by five notes for $33.33 each, given for rent of house No. 307 Third Street, Augusta, Ga., said notes being due 1 March, 1911; 1 April, 1911; 1 May, 1911, 1 June, 1911, and 1 July, 1911.
The form of the notes was as follows:
$33.33. AUGUSTA, GA., 14 December, 1910.
After date the undersigned promises to pay to the order of Martin 
Garrett, agents, thirty-three and 33-100 dollars at any bank in the city of August, Ga., for value received in rent, with interest from maturity at the rate of 8 per cent per annum, with all costs of collection, including 10 per cent attorney's fees. And each of us, whether maker or indorser, hereby severally waives and renounces for himself and family any and all homestead or exemption rights he may have under or by virtue of the Constitution or laws of the State of Georgia or of any State or of the United States, as against this note or any renewal thereof. GEO. M. MASK [L. S.].
Rent of house No. 307 Third Street.
On the left end of the said note were the following words and (438) figures:
MARTIN GARRETT,
Real Estate and Renting Agents.
137 Eighth Street, Ground Floor. Dyer Building.
The defendant denied any liability to the plaintiffs.
Judgment was rendered by the justice in favor of the defendant, and the plaintiff appealed.
In the Superior Court the defendant moved to dismiss the action on the ground that it appeared upon the face of the summons and also from the notes that the plaintiffs were agents, and that the action should have been brought in the name of their principal, the real party in interest.
The motion was denied, and the defendant excepted.
The defendant offered to prove that he was, at the time of making said contract, the agent of the Metropolitan Life Insurance Company, and he did not know how long he would reside in the city of Augusta, his residence there being entirely dependent upon his employment by *Page 368 
the company at that point; and in consequence thereof there was a separate and distinct contract made with the plaintiffs at the time of the signing of the said notes, by which it was agreed and understood that the defendant would pay said notes which were given for the house in which he was to reside and did reside during his stay in Augusta, but that if he was required to leave the city of Augusta, that he was to pay no other note, and that he would surrender the possession of the house to the plaintiffs. That, in accordance with the contract, the defendant did pay to the plaintiffs the rent on said house during his stay in Augusta. That under instructions from his employer, he left Augusta during the month of January, 1911, and paid the plaintiff the note that was due 1 February, 1911, for the rent of said house for the month of January, 1911, and delivered the possession of said house and lot to the plaintiffs, and that the plaintiffs took possession of and rented said house out to other parties. That by reason of said contract the said notes sued on, all being given for the rent of the house for months subsequent to 1 February, 1911, were not to be paid, and the (439) defendant was under no obligation on said notes to the plaintiffs or their principal.
This evidence was excluded, and the defendant excepted.
There was judgment in favor of the plaintiffs, and defendant excepted and appealed.
The record presents two questions:
1. Was it error to refuse to dismiss the action because the plaintiffs are named as agents, and sue on notes payable to them as agents?
2. Was it error to exclude the evidence offered by the defendant?
1. The first question must be solved by adopting a correct interpretation of Revisal 400, providing that "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided," and Revisal, sec. 404: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."
It is clear that the plaintiffs, being agents, are not the real parties in interest, under section 400, and in order to maintain their action it must appear that they are trustees of an express trust, under section *Page 369 
404, and within that term are included those in whose name a contract is made for the benefit of another.
The clearest and most comprehensive discussion of the language used in this section we have been able to find is in Pomeroy's Code Remedies, sec. 99 et seq., from which we quote at length:
"The only difficulties of interpretation presented by this section are the determining with exactness what persons are embraced within the three classes described as `trustees of an express trust,' `persons with whom or in whose name a contract is made for the benefit of another,' and `persons expressly authorized by statute to sue.' It (440) is plain that there are substantially three classes. The second and better form of the provision actually separates them, and does not represent one as a subdivision of the other. The first form in terms speaks of `the person with whom or in whose name a contract is made for the benefit of another,' as an instance or individual of the wider and more inclusive group, `trustees of an express agent.' It should be carefully noted, however, that these two expressions are not stated to be synonymous; the former is not given as a definition of the latter. The section does not read, `a trustee of an express trust shall be construed to mean a person with whom or in whose name a contract is made for the benefit of another'; but simply that the latter shall be regarded as one species of the genus. There is here no limitation, but rather an extension, of the meaning, and the clause, of course, recognizes other kinds of trustees besides the party to the special form of contract, who is not very happily termed a `trustee.' We must find the true legal definition of `trustees of an express trust,' and add to this the `persons with whom or in whose name contracts are made for the benefit of others'; the combined result will be the entire class intended by the Legislature. . . . An express trust assumes an intention of the parties to create that relation or position, and a direct act of the parties by which it is created in accordance with such intention, outside of the mere operation of the law. . . . It primarily assumes three parties; the one who by proper language creates, grants, confers, or declares the trust; the second, who is the recipient of the authority thus conferred; and the third, for whose benefit the authority is received and held. It is true that in many instances the first-named parties are actually but one person; that is, the same individual declares, confers, receives, and holds the authority for the benefit of another; but the theory of the transaction is preserved unaltered, for the single person who creates and holds the authority acts in a double capacity and thus takes the place of two persons. . . . In the light of this analysis of the expression as a term of legal import, *Page 370 
it is plain that `a person with whom or in whose name a contract (441) is made for the benefit of another' is not necessarily a trustee.
He may be; and whether he is or is not must depend entirely upon the nature and subject-matter of the contract itself. The contract may be of such a kind, stipulating concerning property in such a manner that the contracting party will be made a trustee. On the other hand, it may be of such a kind, having no reference perhaps to property, or stipulating for personal acts alone, that the contracting party will not be a trustee in any proper sense of the word, but will be at most an agent of the person beneficially interested. There are numerous instances, therefore, in which an agent, who enters into an agreement for either a known or for an unknown principal, is permitted, in accordance with the particular clause under consideration, to sue in his own name.
"In a case where a contract in the nature of a lease was effected by a person describing himself in the instrument as agent of the owners, but who had no interest whatever in the premises leased, and did not execute the instrument, and to whom no promise was made as the lessor, it was held that he could not maintain an action for the rent or for possession of the land forfeited by nonpayment of the rent. He could not sue as the `person with whom, or in whose name, a contract is made for the benefit of another,' because no promise at all was made to him, and he was not `a trustee of an express trust.' `One who contracts merely as the agent of another, and has no personal interest in the contract, is not the trustee of an express trust within the meaning of the statute, and cannot, under The Code, sue upon such contract in his own name. Of course, this last expression must be taken in connection with the facts of the case, namely, that no promise was made to the plaintiff individually.
"It is fully established by numerous decisions that when a contract is entered into expressly with an agent in his own name, the promise being made directly to him, although it is known that he is acting for a principal, and even although the principal and his beneficial interest in the agreement are fully disclosed and stipulated for in the very instrument itself, the agent in such case is described by the language of the statute, and may maintain an action upon the contract in his (442) own name, without joining the person thus beneficially interested.
"The rule is the same, and even more emphatically so, if the principal or beneficiary is, at the time of the contract, unknown or undisclosed, or not mentioned in the instrument. When a contract, even in writing, is made with and by an agent, and no mention is made of any principal or beneficiary, but the other contracting party supposes he is dealing *Page 371 
with the former on his own private account, but in fact such person is an agent for an undisclosed principal and enters into the agreement in the course of his agency, actually effecting the contract on behalf of that superior behind him, the rule is well settled that the one who was thus a direct party to the agreement — the actual agent — may bring an action upon it in his own name, or the principal may sue in his name."
We deduce from this construction of the statute the principle that an agent, as such, has no right to require that promises to pay be made to him, and when contracts are so made, and nothing else appears, he cannot maintain an action as agent to enforce them, and that he may maintain such action if the promise is made to him as agent by the authority of the principal and for his benefit.
Note that we speak of contracts made payable to the agent with the consent of the principal, and that we have no reference to the assignment of a claim for the purpose of collection, in which case the assignee cannot sue in his own name. Abrams v. Cureton, 74 N.C. 527; Boykin v. Bank,118 N.C. 568; Morefield v. Harris, 126 N.C. 628.
Many illustrations of the principle may be found in our reports.
It has been held that an action cannot be maintained by the administrator of a deceased guardian on a note payable to the guardian;Alexander v. Wriston, 81 N.C. 194; by an agent for collection; Boykinv. Bank, 118 N.C. 568; by an assignee of a note, assigned for the purpose of collection; Abrams v. Cureton, 74 N.C. 527; Morefield v.Harris, 126 N.C. 628; by an attorney, who, pending a motion for a receiver, had been ordered to collect certain insurance. Boyd v. InsuranceCo., 111 N.C. 374; by a contractor, authorized to collect the amounts due to those who had furnished materials; Perry v. (443)Swanner, 150 N.C. 141; by an agent, who sold guano on a delcredere commission, but to whom the claim sued on was not made payable;Chapman v. McLawhorn, 150 N.C. 166.
On the other hand, it has been held that an action may be maintained by one to whom a note is handed, with authority to collect and pay a debt due him; Willey v. Gatling, 70 N.C. 421; by an attorney to whom a claim was transferred with authority to collect and apply to claims held by him for collection; Wynne v. Heck, 92 N.C. 414; by the cashier of a bank to collect collaterals deposited to secure a note payable to him as cashier;Jenkins v. Wilkinson, 113 N.C. 533; and it is said in Winders v. Hill,141 N.C. 703, that if the contract is in the name of one, but really for the benefit of another, that the person in whose name it is made is to be regarded as the trustee of an express trust, whether the name of the beneficiary is disclosed or not.
Applying these principles, we are of opinion that one cannot maintain *Page 372 
an action in his own name when nothing appears except that he is agent, and that this designation is not ex vi termini included within the meaning of the words of the statute, "trustee of an express trust," or "a person with whom a contract is made for the benefit of another," but that if it is made to appear that the contract was made payable to the agent with the consent of the principal and for his benefit, he may do so, and that the burden is on the agent to prove these facts.
It follows, therefore, that his Honor properly denied the motion to dismiss the action, upon the ground that the plaintiffs were named as agents in the summons, because the motion was made before the introduction of evidence; but if it had been renewed at the conclusion of the evidence, it could have been allowed, as the plaintiff failed to prove that the note was made payable to them by the authority of their principal and for his benefit.
This is the proper course, as indicated in Perry v. Swanner,150 N.C. 142, in which Justice Brown says: "It is not a question of parties, as we understand the matter, that is raised by the motion to (444) nonsuit, but a question as to whether or no the plaintiff has made out a cause of action upon which he personally can recover."
We are not inadvertent to the line of authorities holding that the production of a negotiable paper is prima facie evidence of ownership, but they are not applicable here, because the plaintiffs do not claim to be the owners except as agents, and the question involved is whether they have shown a title to sue as agents.
2. The evidence offered by the defendant was, in our opinion, clearly competent, and for several reasons:
(1) It tended to prove a separate parol agreement entered into at the time of the execution of the notes, which was to be a part of the contract, and which is not distinguishable in principle from agreements admitted in evidence under the authority of several cases in our reports.
In Braswell v. Pope, 82 N.C. 57, it was held competent to prove that notes given for money were to be surrendered upon the maker signing a judgment and a certain mortgage as security for the money.
In Pennington v. Alexander, 111 N.C. 427, that "The maker of a promissory note or other similar instrument, if sued by the payee, may show as between them a collateral agreement, putting the payment upon a contingency."
In Evans v. Freeman, 142 N.C. 61, that the maker of a note for the purchase money of a stock-feeder could prove by parol that at the time the note was given it was agreed that it should be paid only out of the sales of the stock-feeder, and in Kernodle v. Williams, 153 N.C. 475, that it was competent to prove a parol agreement that the children *Page 373 
should pay only so much of notes given their father as was necessary to pay his debts, and that the balance should be accounted for as an advancement.
(2) The evidence, if believed, proved a total failure of consideration as to the notes sued on. Carrington v. Waff, 112 N.C. 119.
(3) If the defendant could not avoid the payment of the notes, it was competent to prove that he surrendered the house for the rent of which the notes were given, and that the plaintiffs accepted it, for the purpose of charging the plaintiffs with the rents. For (445) the error pointed out,
New trial.
Cited: Vaughan v. Davenport, 159 N.C. 371; Pierce v. Cobb, 161 N.C. 301.