## NICHOLS & CO. *et al.* v. THOMAS.

No. 4964.    Opinion Filed September 14, 1915.

(151 Pac. 847.)

1.   **PARTNERSHIP—Partnership Property—Rights of Partner.** Each member of·a partnership has a joint interest in all the partnership property; and one member has no right to use partnership property other than for the benefit of the partnership, without the knowledge, consent, or approval of the other members thereof.

2.   **BILLS AND NOTES—Bona Fide Holders—Check—Partnership.** Where one member of a partnership, without the knowledge, consent, or approval of the other, indorses a firm check in payment of his past-due debt, and the recipient receives said check with the knowledge that the same is being so used and that said partnership is insolvent, he cannot be said to be a **bona fide** holder thereof.

(Syllabus by Dudley, C.)

*Error from County Court, Custer County;*
*J. C. McKnight, Judge.*

Action by C. A. Thomas against Nichols & Co. of Oklahoma City, Okla., wherein W. J. Laws intervened. Judgment for plaintiff, and defendant and intervener bring error. Reversed and remanded.

*Geo. T. Webster*, for plaintiffs in error.

*T. W. Jones, Jr.*, for defendant in error.

Opinion by DUDLEY, C. This is an action upon a check for $177.20, dated September 29, 1910, drawn by the plaintiff in error, Nichols & Co., hereinafter referred to as the defendant, on the Oklahoma State Bank of Oklahoma City, Okla., payable to the order of the Weatherford Creamery Company, of Weatherford, Okla., a partnership composed of the plaintiff in error W. J. Laws, hereinafter referred to as "intervener," and M. E. Burton. The defendant, being indebted to said partnership in the amount of said check, mailed said check for said amount to said partnership in payment thereof. Burton was indebted to the defendant in error, C. A. Thomas, hereinafter referred to as plaintiff, in the sum of $155 for medical services. This indebtedness was past due and the plaintiff was urging payment. Burton obtained possession of said check and indorsed and turned it over to the plaintiff in payment of said indebtedness, whereupon the plaintiff cashed said check and paid to Burton $22.20 in cash, the difference between the amount of said check and the amount of said indebtedness. The check was indorsed, "Weatherford Creamery Company, per M. E. Burton." The intervener did not know nor have any knowledge of the transaction between the plaintiff and Burton at the time it occurred, but, upon learning of it, notified the defendant of the facts with reference to the transaction and requested it to stop payment upon the check, which it did. Following this, plaintiff brought

this action against the defendant to recover the amount of said check. Laws intervened and sought to recover the amount of the check for the use and benefit of the firm. There was judgment for the plaintiff, from which the defendant and intervener have appealed.

There is no dispute as to the facts, so there is nothing for us to do but to apply the law. The plaintiff knew that Laws and Burton were partners, doing business as the Weatherford Creamery Company, and that the firm was insolvent, or practically so; that Burton used a firm check in payment of his personal past-due obligation, without the knowledge, consent, or approval of the intervener, the other member of the firm. The case was tried to the court without a jury. The defendant and intervener interposed a demurrer to the evidence, which was overruled. They offered no evidence. Thereupon the court rendered judgment against the defendant in favor of the plaintiff for the amount due on said check.

The first question to be determined is whether or not Burton had the right to use and apply the firm check in payment of his individual debt, without the knowledge, consent, or approval of his partner, Laws, the intervener. We think not. Each member of a partnership has a joint interest in all the partnership property. Section 4434, Rev. Laws 1910; *Milligan v. Mackinlay,* 108 Ill. App. 609; *Id.,* 209 Ill. 358, 70 N. E. 685. The relations of partners are confidential. They are trustees for each other as to partnership property. Section 4439, Rev. Laws 1910. A partner has no right to deal with or use partnership property other than for the benefit of the partnership. *Koyer v. Willmon,* 150 Cal. 785, 90 Pac. 135; *Llewelyn v. Levi,* 157 Cal. 31, 106 Pac. 219. One member of a partnership cannot use or apply the partnership assets

to the payment of his individual debt, without the knowledge, consent, or approval of the other members thereof, and, unless the transaction is a *bona fide* one, property so used or applied may be recovered for the benefit of the partnership.  30 Cyc. 501, 502, and cases cited; George on Partnerships, pp. 179-184; Lindley on Partnership (2d Am. Ed.), pp. 413-417; Parsons on Partnership (4th Ed.), sec. 90; *Eady v. Newton Coal & Lumber Co.,* 123 Ga. 557, 3 Ann. Cas. 148, and note at 151; *Morrison v. Austin State Bank,* 213 Ill. 472, 72 N. E. 1109, 104 Am. St. Rep. 225; *Rayburn v. Mitchell,* 106 Mo. 365, 16 S. W. 592, 27 Am. St. Rep. 350; *Caldwell Bank & Trust Co. v. Porter et al.,* 52 Or. 318, 95 Pac. 1, 97 Pac. 541; *Hartness v. Wallace,* 106 N. C. 427, 11 S. E. 259; *Cannon v. Lindsey,* 85 Ala. 198, 3 South. 676, 7 Am. St. Rep. 38; *Rogers v. Batchelor,* 12 Pet. 221, 9 L. Ed. 1063; *Union Nat. Bank v. Underhill,* 102 N. Y. 336, 7 N. E. 293.

The plaintiff contends that intervener knew or had knowledge of the fact that Burton used the firm check in payment of his individual debt.  The record does not bear out this contention, but, upon the other hand, shows conclusively that the intervener did not know of the transaction at the time it occurred.  The only testimony upon that question is that of Burton himself, and he testified that his partner knew nothing of the transaction. We therefore conclude that Burton had no right to use the firm check in payment of his individual debt.

The next question to be determined is whether or not the transaction was a *bona fide* one.  We think not.  The partnership was under no obligation to pay Burton's debt. The plaintiff knew that Burton was using the firm's check in payment of his past-due debt, that the firm was insolvent and would not be benefited by the transaction,

and that Burton in so using said check was practicing a fraud on the partnership. *Morrison v. Austin State Bank, supra;* Lindley on Partnership (2d Am. Ed.), pp. 413-417, *supra;* Parsons on Partnership, sec. 90, *supra; Hartness v. Wallace, supra.* Burton had the right to indorse the check and use it in the interest of the partnership, and any act of his in this respect within the scope of his authority would be binding upon the firm. *Cassidy v. Saline County Bank,* 14 Okla. 532, 78 Pac. 324. His act, however, in using the firm check in payment of his own debt, is not reasonably within the scope of the partnership and is not binding on the partnership without the knowledge, consent, approval, or ratification of his partner, and such knowledge, consent, approval, or ratification must be established by evidence affirmatively showing it or from which it may be clearly inferred. *Brown et al. v. First National Bank of Temple,* 35 Okla. 726, 130 Pac. 104.

We therefore conclude that the transaction was not a *bona fide* one, and that Burton did not have the right to use the firm check in payment of his debt, and that the intervener has the right to recover the amount of the check for the use and benefit of the firm; and the judgment of the trial court should therefore be reversed and remanded.

By the Court:   It is so ordered.