ELMER E. HARTZELL

*v.*

THOMAS H. MURRAY.

*Opinion filed December 22, 1906.*

1. PARTNERSHIP—*when one partner cannot sue another in as-sumpsit.* Money advanced by one partner, not as a mere loan to the other but in furtherance of the affairs of the partnership, the accounts of which are in dispute and unsettled, cannot be recovered in an action of assumpsit against the latter, who pleads such facts in defense.

2. APPEALS AND ERRORS—*improper remarks cannot be considered in absence of objection.* An improper remark of witness upon leaving the witness stand cannot be considered, on appeal, as alleged error, where there was no objection interposed or exception taken.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

GEORGE W. BROWN, and JOHN H. HUME, for appellant.

W. A. FOSTER, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

In the circuit court of Cook county Hartzell sued Murray in assumpsit, and filed a declaration consisting of the common counts, seeking to recover $1500 which he claims to have loaned to Murray in 1893. Murray filed a plea averring that a partnership had existed between the parties, and that the same, and the accounts thereof, were unsettled, and that the indebtedness in question, if any existed, related to the partnership business, and that Murray was not indebted to Hartzell on any account whatever other than the partnership account, and that the remedy of the latter was in equity. Hartzell replied that the money claimed did not arise from

any partnership dealing but was a separate debt. Upon this replication issue was joined. A trial by jury resulted in a verdict for the defendant. After overruling a motion for a new trial the court entered a judgment on the verdict, which has been affirmed by the Appellate Court for the First District, and Hartzell brings the case to this court by appeal.

Hartzell and Murray were in partnership in 1893 in the city of Chicago, in the hotel business. The firm needed cash, and Hartzell, individually, borrowed $3000 and put it in the firm business. The only witnesses on the trial were the parties. Hartzell testified that he told Murray that the firm needed this money; that Murray said he could not raise his share and asked Hartzell to borrow it for him; that he (Hartzell) accordingly borrowed the entire $3000, and that thereafter Murray agreed to pay him $1500,—the one-half of the money so borrowed. In reference to the transaction Hartzell further stated: "I loaned Murray $1500,—a pure loan." Murray denied having arranged with Hartzell to borrow the money and denied agreeing to pay him the one-half thereof, and testified that he made no special contract with Hartzell in reference to putting that money into the firm affairs.

Hartzell assigns as error the action of the court in permitting Murray to make proof of the fact that the accounts of the co-partners with each other, growing out of the firm business, had not been settled. As this was but attempting to prove the plea the evidence was proper.

When leaving the witness stand Murray made an improper remark, of which complaint is made. No objection was then interposed or exception preserved, consequently there is nothing in this regard for us to consider.

Hartzell asked no instructions in the trial court. Four requested by Murray were given. Objections are made to the first, second and fourth, for the reason, first, that they improperly direct the attention of the jury to the partnership affairs; and second, that they erroneously led the jury to

believe that if there was a partnership there could be no recovery. We think that both objections are based on a misapprehension of the instructions. The jury were, in substance, directed that if they found that Hartzell loaned the money to Murray they should find for the plaintiff, but that if they believed, from the evidence, that the $3000 was simply an advancement by the plaintiff in furtherance of the partnership affairs, and that no part of it was a loan to defendant, and that the matter in dispute was an unsettled partnership account, then they should find for the defendant. The issue raised by the pleadings was by the instructions correctly submitted to the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*