AUSTIN N. PHILLIPS, Appellee, *vs.* WILLIAM N. REYNOLDS, Appellant.

*Opinion filed October 26, 1908.*

1. PARTNERSHIP—*what constitutes a partnership as to particular transactions.* A partnership in the particular transactions exists where parties are interested together in the purchase and sale of real estate and the division of the profits, even though no general partnership exists.

2. SAME—*contract of settlement obtained by deception of one partner is not binding.* A contract of settlement obtained through concealment and deception by the partner having knowledge of transactions of which the other party was in ignorance is not binding upon the latter, and he may repudiate the agreement upon discovering the fraud and maintain a bill for accounting.

3. SAME—*when interest should be allowed on accounting.* In a partnership accounting, interest should be charged against the defendant from the date of a contract of settlement obtained by the fraud and deception of the defendant and subsequently repudiated by the complainant, whose right to recover the amount due him has ever since been contested.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge, presiding.

STEVENS & HORTON, and LUCIEN GRAY, for appellant.

KINSEY THOMAS, H. M. WAGGONER, and CHIPERFIELD & CHIPERFIELD, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Prior to April 12, 1904, appellant and appellee were engaged together in trading in real estate and on that date entered into a written contract declaring all matters settled between them, and that two pieces of real estate, one in Canton, the other in Peoria, Illinois, the title to which was in appellant, were owned by the two jointly. Afterward the appellee filed the bill in this case to set aside said contract and for an accounting. This appeal is from the judgment of the Appellate Court affirming a decree granting the relief prayed for.

The appellant denied the existence of any partnership, but in his testimony admitted that he was interested with Phillips in particular transactions for the purchase and sale of real estate and the division of profits. Even though no general partnership existed, this was sufficient to constitute a partnership in the particular transactions. *Roby* v. *Colehour,* 135 Ill. 300; *Winstanley* v. *Gleyre,* 146 id. 27; *Van-Housen* v. *Copeland,* 180 id. 74.

Evidence was heard relating to many transactions, but the court found that as to two, only, of such transactions should the appellant be required to account to the appellee. No cross-errors have been assigned, and it will therefore be necessary to consider only these two transactions.

One of the transactions relates to two hundred and forty acres of land near Mexico, Missouri, to which the appellant acquired title on March 1, 1903, for $6600, and which was

afterward disposed of for a consideration of $13,400. The land was contracted for in August, 1902, and appellant admits that the appellee was to share equally with him in the profits of the trade after allowing appellant seven per cent interest on the money advanced by him. He further says, however, that appellee was to assist in selling the land before the first of March, when appellant was required to take and pay for it, and if the sale was not made before that time appellee was to have no interest in it. No sale having been made before that time, appellant paid for the land, and now insists that appellee had no further interest in it. He testified, however, that he afterward bought appellee's interest in this land for the Mexico Land and Loan Company and paid him $2.50 an acre for it. A number of witnesses testify that appellant told them that appellee was interested in this land. His partners in the Mexico Land and Loan Company, through which the land was disposed of, testify that he told them that he would have to report to appellee and give him something in the way of profits and get rid of him. Before the land was disposed of appellant showed appellee what purported to be a written contract with E. F. Pumphrey, one of his said partners, for the sale of the land to Pumphrey at $32.50 an acre, and paid appellee as his share one-half of the profit of five dollars an acre thus shown. Pumphrey repudiated this document and denied ever signing it. Whether he did sign it or not, it was manifestly not intended as a sale of the land but was a device for deceiving appellee and getting rid of him. The price received on the sale of the land was a matter peculiarly within the knowledge of the appellant. It was material for the appellee to know. He had a right to rely upon the truth of the statement of appellant, his partner, in regard to it. Appellant knowingly misrepresented it to him, and appellee, relying upon the false statement, accepted $2.50 per acre as his share of the profits. With no further information he executed the contract of settlement on April 12, 1904.

While the negotiations resulting in this agreement were pending for some time, appellee was all the time in ignorance of the amount actually realized from the land and had been led by appellant's misrepresentation to believe it much less than it was. A settlement thus obtained by deception practiced by one partner upon another will not be binding upon the confiding patrner whose trust was abused.

The other transaction concerned a house and twenty-four acres of land and three lots in Beardstown, Illinois, owned jointly by the parties, the title being held by appellant subject to an encumbrance of $1076. This property was traded by appellant to George E. Massey for his interest in a stock of goods, such interest being valued at $4500. Appellant claims that he bought appellee's interest in the Beardstown property for the undivided half of a house and lot in Peoria and $462 in money. Appellee claims that appellant represented to him that he had traded the Beardstown property for the Peoria property and $924. The court found in favor of the appellee on these claims and charged appellant with $4500 as the proceeds of the Beardstown property, being a profit of $2500, one-half of which, less the $462 received, the appellant was decreed to pay to appellee. We do not think the evidence justifies the finding that Massey's interest in the stock of goods traded for was worth $4500. This stock of goods had formerly belonged to appellant at Kirksville, Missouri, and had been moved to Wagner, Indian Territory, and consolidated with another stock. Appellant then sold the stock to Massey on credit. The preponderance of the evidence is that the stock at the time of the trade was not in good condition, that it would not invoice to exceed $12,000 and was worth between sixty and seventy per cent of the invoice, and that Massey owed appellant $7000 on the stock. Massey's interest in the stock could not, therefore, have exceeded the amount ($2000) for which appellant accounted to appellee as the proceeds of the trade.

It is contended that satisfactory evidence does not appear in the record to show the true balance between the parties. If any partnership accounts were kept they were kept by appellant. Whatever money was advanced he advanced. In the single transaction in which he is now held to account it appears that the property was bought for $6600 and sold for $13,400, and that appellant paid to appellee $650 as his share of the profits. If any money was advanced or expenses incurred, or if any interest accrued, the appellant knew all about it and the appellee nothing. The object of a hearing is to enable the parties, respectively, to produce their evidence. There is nothing in the case made by the appellee which presupposes credits to which the appellant is entitled, of which the appellee has knowledge and evidence within his power to produce. If there are any sums for which the appellant should have credit he had knowledge of them and should have brought them forward at the hearing.

Interest was properly charged against appellant from the date of the contract of settlement. The partnership was then terminated and the account stated between the partners, but by the fraud of one of them the balance due was not truly ascertained, and appellee's right to recover any amount has ever since been contested. *Scroggs* v. *Cunningham*, 81 Ill. 110; *Robbins* v. *Laswell*, 58 id. 203; *Derby* v. *Gage*, 38 id. 27.

There was error in charging appellant with any amount on account of the Beardstown property.

The judgment of the Appellate Court and the decree of the city court of Canton will be reversed and the cause remanded to the city court, with directions to enter a decree against the appellant for $2750 and interest from April 12, 1904, to the date of said decree.

*Reversed and remanded, with directions.*