THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
SAMUEL SHOLEM *et al.* Appellees.

*Opinion filed April 21, 1910.*

1. PRACTICE—*hearing and deciding case without acting on motion amounts to a denial of motion.* Where the county court, after taking under advisement a motion by the People to compel the filing of inventories in a proceeding to appraise an estate for inheritance tax purposes, does not rule upon such motion but hears and decides the case and enters final judgment, such action amounts to a denial of the motion.

2. INHERITANCE TAX—*court should compel filing of inventories required by Administration act.* The filing of inventories by the executor, under section 51 of the Administration act, and by the surviving partners under sections 87 and 88 of such act, is not a matter of discretion with such executor, surviving partners or the court, and the court should compel such inventories to be filed when its attention is called to the omission.

3. SAME—*People have a right to compel filing of inventories.* The People have a right to compel the filing in the county court of the inventories required by the Administration act to be filed by the executor and by surviving partners to aid in determining the extent and value of the estate for inheritance tax purposes, and while such inventory is not conclusive, the People are entitled to the benefit thereof without having the burden of proving the value of the estate by examining witnesses.

4. PARTNERSHIP—*partnership may exist by verbal agreement.* Written articles of agreement are not necessary to prove a partnership, since a partnership may exist under a verbal agreement and circumstances may raise an inference of such agreement.

5. SAME—*what proof justifies conclusion that there was a partnership.* Proof that the minor sons of a man who had been conducting business establishments in his own name went to work for

him, and that he thereupon changed his signs and bank accounts by adding "& Sons" thereto, and thereafter transacted business under such name for many years after the sons reached majority, all of the parties drawing checks against the bank accounts, justifies the conclusion that there was a partnership.

6. SAME—*resulting trust arises where land is bought with partnership funds.* Where real estate is purchased with partnership funds and the title is taken in the name of one of the partners a resulting trust arises in favor of the other partners in proportion to their interest in the partnership.

7. APPEALS AND ERRORS—*when objection to competency of witnesses will not be considered.* Where surviving partners are called and examined on behalf of the People in the matter of determining the inheritance tax due on the estate of the deceased partner and no objection is made to their competency to prove the partnership, such objection will not be considered on appeal.

APPEAL from the County Court of Edgar county; the Hon. WALTER S. LAMON, Judge, presiding.

W. H. STEAD, Attorney General, and RICHARD S. DYAS, State's Attorney, (ROY WRIGHT, and EMERY ANDREWS, of counsel,) for the People.

H. S. TANNER, J. K. LAUHER, and SHEPHERD & TROGDON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Jacob Sholem died at his home in Paris, Edgar county, on March 1, 1907, leaving a last will and testament, and leaving Jeannette Sholem, his widow, and Samuel Sholem, Maurice Sholem, Emma Straus and Elizabeth Bibo, his children and heirs-at-law. The will was admitted to probate, and Jeannette Sholem and Samuel Sholem were appointed executors and qualified as such but did not file an inventory. On August 12, 1907, the Attorney General filed his petition in the name of the People, in the county court, asking for an appraiser to fix the value of the estate for

the purpose of the inheritance tax, and citation was issued the next day against the widow and heirs. The executors came into court and filed a like petition, and on August 19, 1907, an appraiser was appointed, who took evidence as to the amount and value of the estate and made a report that the total net value of the estate for taxing purposes was $218,590.35. The report was approved by the county judge on April 24, 1908, and from the order of approval an appeal was taken by the People to the county court. The county court dismissed the appeal on August 31, 1908, but this court reversed the order dismissing the appeal and remanded the cause to the county court for a hearing and decision by the court. (*People* v. *Sholem,* 238 Ill. 203.) The proceeding was re-instated in the county court, and upon a hearing by the court an order was entered fixing the total taxable value of the estate at the same sum of $218,590.35 and fixing the total amount of the inheritance tax at $1452.14, with interest at six per cent from March 1, 1907. From that judgment the People again appealed to this court.

At the hearing in the county court counsel for the People asked for an order requiring the executors to file, by a day to be fixed by the court, a complete and perfect inventory of the property, real and personal, of Jacob Sholem or in which he had an interest at the time of his death, which had come to their knowledge and possession. On objection being made the judge said he would take the motion under advisement, and counsel for the People excepted to the failure of the court to make the order asked for. The sons, Samuel Sholem and Maurice Sholem, claimed that they were equal partners with their father, Jacob Sholem, in business, and that there was a resulting trust in their favor in lands of great extent and value which stood in the name of Jacob Sholem but were purchased with partnership funds. The existence of the partnership and the claim of the two sons to two-thirds of the real es-

tate had been the principal subject of contention before the appraiser, and counsel for the People also asked for an order on Samuel Sholem and Maurice Sholem, as surviving partners of the alleged co-partnership, to file a full and complete statement of the partnership, showing the partnership property and its assets and liabilities at the time of the death of Jacob Sholem. Objection again being interposed, the judge said he would take the matter under advisement, and counsel for the People excepted to the failure to make the order asked for. The court did not then or afterward make any order for either inventory, but heard and decided the case and entered final judgment without doing so, which amounted to a denial of the motions.

Section 51 of the Administration act provides that whenever letters testamentary are granted, the executor shall make out a full and perfect inventory of all the real and personal estate, or the proceeds thereof, which shall come to his hands, possession or knowledge, and return the same to the office of the clerk of the county court within three months from the date of the letters testamentary. Sections 87 and 88 provide that in case of the death of one partner the surviving partner or partners shall proceed to make a full, true and complete inventory of the estate of the co-partnership and return the same, under oath, within sixty days after the death of the co-partner. There is nothing in these sections, or elsewhere, conferring any discretion upon executors, surviving partners or courts, and there was nothing requiring investigation or deliberation on the part of the judge whether the statute of the State should be enforced. It would be the duty of the court in any case, upon attention being called to a failure on the part of its officers to comply with the statute, to see that they perform their duty. The argument for appellees is, that the court did not err for the reason that the People had no right to see that the statutes were complied with. It would be strange doctrine to say that the People of the

State, who are directly interested in the amount of an estate and entitled to know its extent and value for the purposes of an inheritance tax, have no right to call upon a court to enforce their laws. If the inventories had been filed as required by law, the representatives of the People might have been satisfied with the amount represented thereby as the taxable value, but in the absence of the inventories it was necessary to endeavor to ascertain, by means of witnesses, what property the estate had. The court erred in declining to make the orders asked for.

It is said, however, by counsel for the appellees, that the judgment ought not to be reversed if the ruling was wrong, for the reason that the People obtained all necessary information through the examination of witnesses. It may be that all the property of the estate was discovered and it may be that it was not, and in any event the People were required to take up an unnecessary burden. We can not say that the property was all disclosed, and much complaint is made that the court excluded competent evidence tending to show the amount of the estate. An effort was made to discover assets in the form of loans and mortgages on real estate in Edgar county, and the offered evidence was excluded by the court. Whether the rulings were right or wrong, it cannot be said that it made no difference that the court did not require the executors to make an inventory of all the property which had come to their hands, possession or knowledge, or that an inventory, under oath, by the surviving partners would have been of no use to the People.

There was a large amount of property in the name of Jacob Sholem & Sons employed in the clothing and dry goods trade and other forms of business, and it was claimed by Samuel Sholem and Maurice Sholem that they had been equal partners with their father under that firm name since the year 1873 and together owned two-thirds of the partnership property. The evidence was that the father, Jacob

Sholem, was engaged in business in Paris, Edgar county, in his own name prior to 1873 and had three or four stores and was worth probably $40,000. He took his two sons, Samuel and Maurice, out of school when they were thirteen and fifteen years old, respectively, and put them in his store. About the year 1873 Jacob Sholem agreed verbally with the minor sons to run the different branches of business as one business and as a partnership. He told them the business was theirs and his, and he changed the business sign to "Jacob Sholem & Sons." From that time the bank accounts were kept in the name of Jacob Sholem & Sons and the book accounts were kept in that way and either one of the three wrote checks in the name of the firm. No stock book or record of sales was ever kept and no account was kept with the individual members of the firm but each one had his living out of the business. There was never any account of profits or any division between the parties and no inventory was ever taken until after the death of Jacob Sholem, when there was a sale in view and an inventory was begun, but the sale fell through and the inventory was never completed. Whenever there was any surplus it was invested in real estate or loaned, and the real estate paid for with the funds of the partnership was conveyed to Jacob Sholem. When each of the four children were married the father gave them homes and wedding presents which amounted in each case to the neighborhood of $25,000, and this was done by taking money of the firm. Jacob Sholem would draw a check on the firm account for the gifts so made.

Counsel for the People contend that a partnership was not proved, and that Maurice and Samuel Sholem, the surviving partners, who testified to the existence of the partnership and the agreement, were not competent witnesses for that purpose. As they were called and examined on behalf of the People and no objection was made at any time to their competency, the objection cannot be made and

will not be considered. Whether they were competent witnesses or not, there was sufficient other evidence to prove a partnership. Written articles of agreement are not necessary but a partnership may exist under a verbal agreement, and circumstances may be sufficient to raise an inference of an agreement. (*Haug* v. *Haug,* 193 Ill. 645.) The fact that the boys went to work in the store would not alone justify such an inference, but the change in the sign and the bank accounts and transacting the business in the name of Jacob Sholem & Sons for a long term of years after the sons reached their majority, together with other circumstances, justify a conclusion that there was a partnership. There was a large amount of real estate standing in the name of Jacob Sholem but bought with the funds of the partnership. There was a resulting trust in the real estate in favor of Samuel Sholem and Maurice Sholem in proportion to their interest in the partnership, which was one-third to each. *Crone* v. *Crone,* 180 Ill. 599.

It is urged that the court erred in excluding evidence offered to show the ownership of mortgages by Jacob Sholem or the firm, in the effort to show the existence of property of the estate in the absence of an inventory, but those questions are not likely to arise when an inventory has been filed. Of course, an inventory will not be conclusive, but if it is claimed that property has been omitted the inquiry will be confined to such omitted property, and we apprehend there will be no difficulty, in that event, in making the necessary proof.

The judgment is reversed and the cause remanded to the county court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*