## Bettie D. Kelly, Appellant, v. Stary M. Hakes, Appellee.

### Gen. No. 5,922.   (Not to be reported in full.)

Appeal from the County Court of Woodford county; the Hon.
ARTHUR C. FORT, Judge, presiding.   Heard in this court at the
April term, 1914.   Affirmed with finding of facts.   Opinion filed
July 31, 1914.   Rehearing denied October 8, 1914.

### Statement of the Case.

Replevin by Bettie D. Kelly against Stary M. Hakes
to recover possession of a mare and two colts.   Upon
a trial without a jury the court found that plaintiff
was entitled to possession of the mare and the defend-
ant entitled to the possession of the colts.   The court
entered judgment on the findings apportioning the
costs between plaintiff and defendant and ordered a
writ of *retorno habendo* for the return of the colts.   To
reverse the judgment, plaintiff appeals, and the de-
fendant assigns cross-errors that the court erred in
awarding possession of the mare to plaintiff and in
apportioning the costs, and in taxing any costs against
defendant.

JAMES L. HICKS, for appellant.

ORMAN RIDGELY, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion
of the court.

### Abstract of the Decision.

1.   REPLEVIN, § 124*—*sufficiency of evidence.*   In replevin to re-
cover possession of a mare and two colts, evidence *held* sufficient
to sustain a finding that each of the parties owned a half interest
in the colts.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

2. REPLEVIN, § 17*—*right of action as between tenants in common.* A part owner of a chattel cannot maintain replevin therefor as against his co-owner in possession.

3. REPLEVIN, § 163*—*costs.* The general rule that the prevailing party is entitled to costs is not applicable in replevin cases where the plaintiff fails to recover all the property replevied.

4. APPEAL AND ERROR, § 1032*—*questions not raised for review.* The manner of apportioning costs is not presented for review where the only argument on appeal goes to the right to make an apportionment.