**Charles H. Commons, Appellant, v. Taylor A. Snow, Appellee.**

**Gen. No. 20,873.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Charles H. Commons against Taylor A. Snow to recover $5,790.54. The parties had been part-

ners in two firms, Taylor A. Snow & Company and the Co-operative Home Purchasing Society and the partnerships had been ·dissolved, Snow succeeding to the business of the former firm and Commons to that of the latter. At the time of dissolution it was agreed that each partner was discharged from liability to the other. Plaintiff testified that the sum involved was borrowed from the Co-operative Home Purchasing Society by the Haberer & Snow Company, the predecessor of Taylor A. Snow & Company. At the trial the court instructed a verdict for the defendant, upon which a judgment of *nil capiat* was entered and the plaintiff appeals.

FRED H. ATWOOD, FRANK B. PEASE, CHARLES O. LOUCKS and VERNON R. LOUCKS, for appellant; HAROLD L. REEVE, of counsel.

FRANK B. DYCHE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. PARTNERSHIP, § 386*—*when partner may sue another partner.* One partner cannot maintain an ₅action at law against his copartner, either in an original suit or by way of set-off, upon any transaction relating to the partnership business, unless there has been a final accounting and settlement of all the partnership matters, a balance is struck and a promise to pay such balance.

2. PARTNERSHIP, § 404*—*what will be presumed after dissolution.* After a partnership has been dissolved it will be presumed that there was an adjustment of the accounts, and that all accounts were taken into consideration in arriving at the amount to be paid the retiring partner, and that the debt of the selling'partner was taken into account in fixing the sale price.

3. PARTNERSHIP, § 337*—*who may interpret effect of releases on dissolution.* Where a partnership is dissolved, the effect of releases of claims in evidence is a question for the court's interpretation.

4. CONTRACTS, § 164*—*when contract need not be construed.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Where language of a contract is unequivocal, although the parties may have failed to express their real intention, there is no room for construction, and the legal effect of the agreement must be enforced.

5. PARTNERSHIP, § 337*—*when release of partner not restricted.* A final clause of a general release executed to partners on dissolution, stating that the property shall be the undisputed personal estate of each partner, does not restrict or detract from the instrument as a general release.