## J. B. Harris, Appellant, v. Morgan Le Masters, Appellee.

1. REPLEVIN, § 59*—*when joint owner cannot sue in own name.* The act on replevin (J. & A. ch. 119, ¶ 9186 *et seq.*), does not give to a person owning a part of a chattel, nor to one having the right to possession of a portion thereof, the right to recover possession of the whole in an action in his own name.

2. REPLEVIN, § 59*—*when joint owner of check must join co-owner.* The owner of a half interest in a check was not entitled to maintain replevin for the recovery of the check, without joining his co-owner.

3. REPLEVIN, § 67*—*when refusal to permit filing of amended affidavit is discretionary.* The refusal to permit the filing of an amended affidavit in replevin was discretionary, where it, the same as the original, showed that plaintiff had no right to maintain the action without joining a co-owner of the chattel involved, as party plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed November 7, 1919. Rehearing denied December 13, 1919. *Certiorari* denied by Supreme Court (making opinion final).

J. B. HARRIS, *pro se.*

J. M. BANDY, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

This was an action of replevin brought by appellant, J. B. Harris, against Morgan Le Masters, appellee, and Ida Emdin for the recovery of a check issued by the John Hancock Mutual Life Insurance Company, for the sum of $480.60, payable to Ida Emdin. The suit was filed June 15, 1918, and addressed to the October term, 1918, of the Circuit Court of Madison county.

The affidavit filed by appellant, on which the writ of replevin was issued, so far as necessary to be considered is as follows:

"That he is the joint owner with one Ida Emdin of a certain check * * *, for the sum of four hundred eighty and 60/100 dollars, payable to the said Ida Emdin, and that affiant is the owner of a one-half interest in said check and the proceeds thereof; * * * and that the same is in possession of Morgan Le Masters * * * and that the said Ida Emdin and Morgan Le Masters wrongfully detain the same, and that the said check * * * has not been taken for any tax * * *."

The writ of replevin was served on appellee and the check taken from his possession and given to appellant.

At the October term, 1918, of said court, appellant was ruled to file a declaration on or before the 10th day of December, 1918, and on that day appellant caused an order to be entered dismissing Ida Emdin as a party defendant and filed a declaration against appellant as sole defendant.

Prior to the January term, 1919, of said court, appellee filed a motion to dismiss the suit for the reason that the affidavit was not sufficient on which to issue the writ of replevin.

At the January term, 1919, of said court, appellant filed a motion for leave to file an amended affidavit and attached thereto a copy of the proposed amended affidavit.

The court denied appellant's motion for leave to file an amended affidavit and granted appellee's motion to dismiss the suit and entered an order dismissing the suit, for a writ of *retorno habendo* and judgment against appellant for costs, from which this appeal is prosecuted.

In appellant's proposed amended affidavit is set forth the issuance of the check payable to Ida Emdin and, "that affiant is the owner of a one-half interest therein, and is entitled to the possession thereof until his lien thereon is satisfied."

The question presented is on the ruling of the court in refusing appellant leave to file the amended affidavit. If the court did not err in this it was not error to enter the judgment appealed from.

The statute on replevin is as follows: "That whenever any goods or chattels shall have been wrongfully distrained, or otherwise wrongfully taken, or shall be wrongfully detained, an action of replevin may be brought for the recovery of such goods or chattels, by the owner or person entitled to their possession, in any court of competent jurisdiction." Revised Statute (Jones & Addington, ch. 119, § 9181).

This statute does not give to a person owning a part of a chattel nor to one having the right to possession of a portion thereof the right to recover possession of the whole chattel in an action in his own name. The right must be based on an ownership or the right to possession of the whole property. In this case, unless appellant was entitled to possession of the whole prop-

erty he could not maintain the suit without joining his co-owner. A plaintiff in replevin must recover on the strength of his own title when he claims as owner. Unless he has the title the suit must fail. In his affidavits appellant claimed to be the owner of a one-half interest in the check. He was seeking to get possession of the whole property. To do this he must show he was entitled to the whole property. True it is, appellant in his proposed amended affidavit stated he was entitled to possession of the property, but accompanied by the statement of facts in the affidavits it must be taken as a conclusion of appellant and one not supported by the facts.

The Supreme Court has held: "It is well settled that, in an action of replevin, a plaintiff must recover upon the strength of his own title, and, where his title is denied, the burden of proof is upon him to show a general or special property in the goods themselves." *Pease v. Ditto*, 189 Ill. 456.

It may be said the question of the burden of proof did not arise in this case, but the court had the fact before it that appellant was not the owner of nor entitled to possession of the whole check in controversy. Chitty on Pleadings, page 187, lays down the rule:

"Several persons having separate and distinct interests in the property distrained, as if the goods of A, together with other goods of B, be distrained, cannot join in this action; but joint tenants and tenants in common may and should join."

Our Supreme Court has held: "Replevin lies for specific property capable of identification and actual return * * *, and cannot be maintained for an undivided interest or share." *Low v. Martin*, 18 Ill. 286.

From the showing made by appellant in his affidavit and proposed amended affidavit under the law, he could not maintain his suit. He was not entitled to the exclusive possession of the check and was the owner of only a half interest therein. As owner of a half in-

terest he could not maintain the suit without joining his co-owner. The trial court could see that on a final hearing appellant could not maintain his suit.

In a case of this character where the question of the right to file an amended affidavit was involved, the Supreme Court said: "The court was informed by the original affidavit of the design of affiant, * * *. The amended affidavit, if filed, and a trial had, would have presented the same question, so that if the orig-inal affidavit had strictly complied with the statute the effort would have been vain and fruitless, for the court would have been compelled to dismiss the suit * * *. It was therefore wholly immaterial what disposition the court made of the motion to file the amended affidavit * * *. It was a motion addressed to the discretion of the court." *McClaughry v. Cratzenberg*, 39 Ill. 118.

The court did not err in refusing to allow appellant to file an amended affidavit nor in entering the judgment entered.

*Affirmed.*