**M. S. Carter and C. C. Carter, Trading as Vehicle Supply Company, Defendants in Error, v. Homer L. Wright, Plaintiff in Error.**

Opinion filed June 4, 1934.

M. J. O'SHEA and C. S. MILLER, for plaintiff in error.

REED GREEN, for defendants in error.

MR. JUSTICE MURPHY delivered the opinion of the court.

M. S. Carter and C. C. Carter, copartners, doing business under the name of Vehicle Supply Company, hereinafter referred to as plaintiffs, instituted an action of replevin in the circuit court of Alexander county against Homer L. Wright, plaintiff in error, hereinafter referred to as defendant.

The affidavit filed by plaintiffs in said suit averred that they were entitled to the possession of certain automobiles, which were specifically described, automobile parts, shop equipment, air compressors, drills, miscellaneous equipment, stock of automobile tires and tubes, desks, typewriters, filing cases, office furniture, supplies and equipment, garage equipment and tools, radios and tubes, radio accessories, books of account, safes and contents, sales tickets, office records, all in a certain building located in Cairo, Illinois, and that defendant wrongfully detains them. A writ was issued containing the same description of property as set forth in the affidavit. The sheriff's return itemizes the articles taken under the writ, there being over 4,000 different items, in which there is included a cash item of $970.71.

The declaration contained three counts in the usual form of replevin counts. Defendant filed three pleas, *non cepit, non detinet,* and property in the defendant.

The trial with a jury resulted in a verdict finding the defendant was not a partner of plaintiffs "and is not entitled to possession of the property described

in the writ of replevin except personal property as listed by defendant on witness stand, if such personal property was taken in writ of replevin.''

At the close of the evidence, the defendant made various motions for a directed verdict, first as to the issues generally, then as to all property not specifically described in the affidavit, writ and declaration and as to all property shown by the sheriff's return to have been taken by him and to which there was no evidence as to ownership or value and as to all property which was the private property of the defendant. All motions were overruled and the judgment entered on the verdict ordered that plaintiffs ''do have and retain the property replevied herein by virtue of the writ of replevin issued in this cause except certain property and documents listed in paragraph six of defendant's motion filed herein for additional bond and claimed by defendant to be his private papers which documents and personal property were testified to by defendant and listed by him on the witness stand and that plaintiffs have and recover their costs and have execution thereof.''

Defendant's chief ground for reversal is that the evidence shows he owned a partnership interest in the property taken, that he was lawfully in possession of the property as a partner and that by reason thereof, the plaintiffs are barred from maintaining their action of replevin against him. Plaintiffs' answer is that the defendant had no interest in the property as a partner, that he was their employee, receiving for his services one-half the profits.

The evidence shows that for several years prior to 1920, plaintiffs as copartners doing business under the firm name of Vehicle Supply Company were engaged in the lumber business at Cairo. During the latter part of that period, the defendant was in their employ as a bookkeeper, quitting in January, 1920, and going into the real estate business. September follow-

ing, after some negotiating, plaintiffs and defendant established a business for the sale at retail of automobiles, trucks, and accessories. There was no written contract evidencing their agreement. It does not appear from the evidence that they agreed as to the length of time the business relation was to continue. In 1925, they added to the business the retail sale of radios and radio parts. They continued until May 12, 1930, when plaintiffs by virtue of the replevin writ issued in the case seized all the stock in trade, equipment, cash on hand and office furniture.

The business was conducted under the name of Vehicle Supply Company. The location was separate and apart from the location of the plaintiffs' lumber business. Leases, contracts and advertising were carried in the name of the Supply Company, oftentimes designating the defendant as manager. When bills were paid by check, it was in the name of the Supply Company issued by the plaintiffs or someone in their office and charged against the automobile account.

Defendant was in general charge of the business. He had sole supervision of the employees, made contracts for sale of automobiles, trucks and radios without receiving directions from plaintiffs or conferring with them in regard to it. Defendant devoted practically all his time to the business while the plaintiffs acted only in an advisory capacity. It was agreed that plaintiffs were to act as treasurer and keep a book record of the accounts. Defendant made reports of articles sold, items collected and money paid out and from these reports, the accounts of the business were kept. Defendant paid minor items of current expenses from the funds collected and if he paid anything from his personal funds, he was reimbursed from the firm account.

The amount of capital put in the business is not shown but plaintiffs furnished whatever was necessary to start the business. February, 1922, plaintiffs

advanced defendant $2,475 and took a note secured by real estate mortgage on his individual property. It does not appear whether this money went into the business or was used by the defendant personally. At the time of the execution of the note and mortgage, plaintiffs executed an instrument, acknowledging receipt of the note and mortgage. This receipt contained a clause to the effect that the defendant as additional security to the note had pledged his interest in the profits of the Vehicle Supply Company.

In 1924, the books as kept by plaintiffs were balanced and showed a profit of $8,200, one-half of which was credited on the books to defendant, none of it was paid at that time. Defendant testified that he drew money from the account from time to time but plaintiffs contend any money so drawn was a loan to him and was so charged on the books.

The evidence does not show that the parties ever agreed or discussed as to how the losses were to be shared. It is conceded by all that defendant was to have one-half of the profits but it does not appear that they ever agreed as to whether it should be one-half the profits on each individual sale in which there was a profit or one-half the profits after the losses on all sales had been deducted.

It is the law that one partner in a business cannot maintain an action at law against the other upon a demand growing out of the partnership transaction until the accounts are settled and a balance struck. *Milligan v. Mackinlay*, 209 Ill. 358; *Hartzell v. Murray*, 224 Ill. 377; *Commons v. Snow*, 194 Ill. App. 569.

It has also been held that a part owner of personal property cannot maintain replevin against his co-owner who is in possession of such property. *Kelly v. Hakes*, 190 Ill. App. 210; *Harris v. LeMasters*, 215 Ill. App. 282; *Stanley v. Robinson*, 14 Ill. App. 480.

In determining whether a partnership exists, if the agreement is not in writing, the intention of the parties must be ascertained from their language and conduct. *Leeds v. Townsend,* 228 Ill. 451; *State Nat. Bank of Springfield v. Butler,* 149 Ill. 575.

In 1917, the legislature passed an act relating to partnership which as far as the question now under consideration is concerned substantially embodied the law as the courts had theretofore determined.

Section 6, chapter 106a of Cahill's Statutes, ¶ 6, provides, "A partnership is an association of two or more persons to carry on as co-owners a business for profit." Section 7 of said chapter 106a, paragraphs 3 and 4, provides, "In determining whether a partnership exists, these rules shall apply: (3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived." (4) "The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business but no such inference shall be drawn if such profits were received in payment" as wages of an employee.

Plaintiffs' acts in dealing with the property corroborates defendant's position that it was a partnership. During the continuation of the business, plaintiffs from time to time sought to trade their used automobiles for a new car. Each time they negotiated with the defendant relative to the price for which the old car was to be taken by the company in exchange and the sale price of the new car. On one occasion, C. C. Carter could not agree with the defendant as to the exchange value of his old car and after negotiating for several days, he traded his old car to another firm for a different make of car. The evidence shows that on the day prior to the filing of the suit, the defendant and C. C. Carter had a conversation in reference

to auditing the books and defendant testifies that he told Carter that he, defendant, owned half of the stock of goods, to which Carter replied, "I suppose you do." This conversation was not denied.

It is impossible to reconcile the conduct of the plaintiffs in their dealings with the defendant and with the property on any basis other than that they considered the defendant had a proprietary interest in the business.

In *Fougner v. First Nat. Bank of Chicago,* 141 Ill. 124, the court quoted with approval from *Shaw v. Galt,* I. R. 16 C. L. 375, thus: "The principle to be collected from them appears to be that a partnership, even as to third parties, is not constituted by the mere fact of two or more persons participating in or being interested in the net profits of a business, but that the existence of such partnership implies also the existence of such a relation between such persons as that each of them is a principal and each an agent for the other."

In order to constitute the transaction a partnership, it was not necessary that the parties should agree upon a sharing of losses.

In *Fougner v. First Nat. Bank, supra,* the court said, "It is generally said that to constitute persons partners they must share in the profits and losses. It is, however, well settled that it is not now necessary to show that there is an agreement to bear losses in order to make one liable as a partner. Sharing in the profits is the test."

Likewise, in *Robbins v. Laswell,* 27 Ill. 365, the court said, "It seems to be well settled, that when, by agreement, persons have a joint interest of the same nature in a particular adventure, they are partners *inter se,* although some may contribute money, and others labor. . . . If then, parties agree to share the profit, they are partners in the profits, although one contributes capital or goods and the other only trouble. Such is the case made by this record. The plaintiff in error

furnished the stock by his capital employed in its purchase, and the defendant his time and trouble in preparing it for market, and making sales. It is not necessary that the parties should agree to share in the losses.''

To the same effect, *Leeds v. Townsend*, 228 Ill. 451; *Phillips v. Reynolds*, 236 Ill. 119; *Ackerman v. Bickley*, 248 Ill. App. 1.

From a consideration of all the evidence, we find that the plaintiffs and defendant were partners to share in the profits derived from the business and that defendant had such an interest and right of possession in the property that it could not be taken by a replevin writ.

Other errors have been assigned as to rulings on evidence, giving of instructions, form of verdict and judgment but the view we take of the case makes it unnecessary to give them consideration.

For the reasons assigned the judgment of the lower court is reversed.

*Judgment reversed.*