In Matter of Estate of William F. Sternberg, Deceased. Sternberg Dredging Company, Plaintiff-Appellee, v. Estate of William F. Sternberg, Deceased, Defendant-Appellant.

Gen. No. 10,070.

Third District.

May 14, 1956.

Rehearing denied June 11, 1956.

Released for publication June 11, 1956.

Claude M. Swanson, of Paxton, and M. H. Scott, of Piper City, for appellant.

Lawrence R. Hatch, of Champaign, and Oris Barth, of Urbana, for appellee; Thomas S. McPheeters, Jr., of St. Louis, Missouri, of counsel.

JUDGE REYNOLDS delivered the opinion of the court.

On March 1, 1935, after the death of C. H. Sternberg, Deceased, his heirs entered into an agreement

for the operation of a certain farm in Pulaski County, Indiana, jointly owned by the said heirs. These heirs were O. E. Sternberg, H. J. Sternberg, L. E. Sternberg, Minnie Hilbrant, Emma A. Walther, Jessie Sternberg, and W. F. Sternberg, each having a one-seventh interest in said farm, and the chattel property thereon consisting of livestock and other chattels. By this agreement, the seven heirs agreed that W. F. Sternberg should attend to the active management of the farm, making improvements to the farm and conducting a livestock business, and constituted and appointed the said W. F. Sternberg their true and lawful attorney in fact, and agent, to do and perform the following acts: 1. To demolish certain buildings on farm and erect others, as in his judgment were necessary, together with other improvements. 2. To take charge of the livestock and other personal property and to purchase other livestock as he saw fit, to care for, feed and prepare livestock for market. 3. To buy any and all feed needed to take care of the livestock. 4. To pay taxes on the property, to insure the buildings thereon, and to make such repairs and improvements as he might deem advisable. 5. To arrange for the farming of the property. 6. To sell crops and livestock, upon such terms and for such prices as he might deem proper. 7. To employ such labor and help as he might think proper. 8. To settle, adjust and compromise any debts, claims, demands or matters of dispute in the conduct of the business of the farm. 9. To operate under the name of Carl H. Sternberg Estate, W. F. Sternberg, Agent. 10. To execute note or notes to a bank or banks to be selected by W. F. Sternberg, as such agent. 11. To execute chattel mortgages as such agent. 12. To deposit money of the business in such bank or depository as he might choose, and to issue checks and payments in the transaction of the business. 13. To inventory the personal property

owned by the heirs once each year, on or about January 1st. 14. To keep written accounts of receipts and expenditures. 15. To annually, make a written report of such inventories and accounts. 16. To receive as compensation $10 per trip to the farm, and the sum of $5 per day for attending the business of the farm operation, together with necessary expenses. 17. To distribute, when he deemed it advisable, such profits to the heirs, according to their rights, and if he deemed it advisable, demand that the heirs should contribute money for the carrying on of the business, the contribution of each heir to be according to his or her interest. 18. To use his own judgment in the conduct of the business, but if he desired, to consult with O. E. Sternberg.

The agreement provided for sale of the interest of an heir, and for the termination of the agreement. It also provided that the agreement should be construed liberally in favor of the powers granted to said agent, W. F. Sternberg.

On January 27, 1943, W. F. Sternberg as agent for C. H. Sternberg Heirs, executed and delivered to the H. J. Sternberg Dredging Company, a note due two years after date, with interest at 6% in the amount of $7,500. On the same day, January 27, 1943, another note signed as before, by W. F. Sternberg, Agent of C. H. Sternberg Heirs, due two years after date, with interest at 6% in the amount of $2,952.64, to H. J. Sternberg Dredging Company, was executed and delivered. The stock of the Sternberg Dredging Company, a Delaware corporation, was owned, except for two shares, by H. J. Sternberg, one of the C. H. Sternberg heirs, and one of the signers of the agreement of March 1, 1935. These two notes with accrued interest, are the basis for the claim in this cause.

H. J. Sternberg died January 10th, 1944, and afterwards, on October 21, 1949, the stockholders of the

Sternberg Dredging Company, unanimously voted to dissolve. This dissolution consent was filed in the office of the Secretary of State for Delaware on October 24, 1949. On April 17th, 1950, W. F. Sternberg died. On July 5, 1950, the claimant, Sternberg Dredging Company, filed in the County Court of Ford county, Illinois, claim against the estate of William F. Sternberg, Deceased, in the amount of $16,715.61. The defendant estate filed an answer and numerous defenses, and the pleadings are quite voluminous, but since the matters raised will be considered later in this opinion, it is not necessary to detail them at this time. On February 25, 1952, the County Court of Ford county, Illinois entered judgment for the claimant against the Estate of William F. Sternberg, Deceased, in the amount of $17,750.41. This judgment was appealed to the Circuit Court of Ford county, and on December 2, 1952, the Circuit Court held that while the claimant corporation had been at one time authorized to transact business in the State of Illinois, that it had failed to pay its franchise tax to the State of Illinois, and had failed to file annual reports, and that on November 15, 1950, the Secretary of State of the State of Illinois had revoked the authority of the claimant corporation to transact business in this State, and that by reason of such revocation, the claimant corporation could not maintain its action against the defendant estate, and dismissed the suit with costs against the claimant and remanded the claim to the County Court. The claimant corporation appealed this order to the Appellate Court, and this Court, in the case of Sternberg Dredging Co. v. Estate of Sternberg, 351 Ill. App. 514, reversed the judgment of the Circuit Court and remanded the cause to that Court, holding that the Circuit Court erred in entering a final judgment against the claimant corporation, instead of continuing or abating the action until such time as the corporation filed the annual

262

reports and paid the franchise taxes. Afterwards, the claimant corporation paid the franchise taxes and made the annual reports and filed its motion to re-instate the cause, with certificate from the Secretary of State of Illinois, that the claimant corporation had complied with all the provisions of the Business Corporation Act of Illinois. The cause was re-instated, and on May 9th, 1955, the Circuit Court entered its order and judgment allowing the claim in the amount of $20,040.05 and costs of suit against the defendant estate. The Circuit Court held that there was no partnership, that the obligation was joint and several, and could be enforced against any one of the obligors, and that the claimant corporation was not one of the obligors. From that judgment the defendant estate has appealed to this court. Thus this cause has been before the County Court of Ford county one time, before the Circuit Court of Ford county twice, and in this Court twice. Since some of the numerous defenses interposed by the defendant estate were passed upon in the decision of this Court in Sternberg Dredging Co. v. Estate of Sternberg, 351 Ill. App. 514, it will not be necessary to consider them. But in order to properly pass upon the case, it will probably be necessary to review them. Defense No. 1 was cured by amendment. Defenses Nos. 2, 3, 4, 5, 7 and 9 were disposed of by this Court in the case of Sternberg Dredging Co. v. Estate of Sternberg, 351 Ill. App. 514. Defense No. 8, contending that the act of loaning the money by the claimant was ultra vires was also disposed of by this Court in the same case. This leaves only defense No. 6, as amended, and defenses Nos. 8, 10, 11, 12 and 13, for this Court to pass upon. These defenses are interrelated and present these questions: 1. In what capacity did William F. Sternberg sign the notes? 2. Was there a partnership? 3. Was the claimant corporation, being owned wholly by one of the heirs, namely Herman J. Sternberg, an

263

agent of Herman J. Sternberg, and if so, shall the corporation be treated as if Herman himself was plaintiff herein?

It must be conceded that in signing the notes William F. Sternberg acted in a representative capacity as agent for himself and the other heirs of C. H. Sternberg. It must be also conceded that by the terms of the agreement dated March 1, 1935, he was authorized to sign the notes in a representative capacity. The defendant admits this by its second defense, when this language appears "That the notes described in said claim were executed by the seven heirs of C. H. Sternberg, deceased, by William F. Sternberg, also known as W. F. Sternberg, their agent thereunto duly authorized." This being the case, if the estate of William F. Sternberg, can be held liable, it must be as one of the principals.

The second question "Was there a partnership" presents a very disputed question. The Circuit Court held that it was not a partnership, that no partnership was intended by the agreement dated March 1, 1935, that nowhere in the agreement does the word "partnership" appear, but that the heirs were acting as a group of individuals operating a joint enterprise. The Circuit Court also pointed out in its opinion, that Herman J. Sternberg died January 10, 1944, and that by Section 31, Uniform Partnership Act, Chapter 106½, Illinois Revised Statutes, the partnership would be dissolved by the death of any partner, yet no effort was made by William F. Sternberg or any other heir to wind up the alleged partnership.

The Uniform Partnership Act, Chapter 106½, Illinois Revised Statutes, Section 6, defines a partnership as "An association of two or more persons to carry on as co-owners a business for profit."

Section 7, Chapter 106½, Illinois Revised Statutes sets out rules to determine whether a partnership exists, as follows: — "(4) The receipt by a person of a

264

share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

"(a) As a debt by installments or otherwise;

"(b) As wages of an employee or rent to a landlord;

"(c) As an annuity to a widow or representative of a deceased partner;

"(d) As interest on a loan, though the amount of payment vary with the profits of the business;

"(e) As the consideration for the sale of the goodwill of a business or other property by installments or otherwise."

The agreement dated March 1, 1935, after giving to William F. Sternberg certain general authority to transact the making of improvements and farming the land and conducting a livestock business, authorized him to conduct the business in the name of Carl H. Sternberg Estate, W. F. Sternberg, Agent. It also authorized him to execute a note or notes to such bank or banks for money as he might desire to be used in carrying on the business therein authorized. It also provided for the keeping of accounts, the making of reports and the division of profits of the business. Even if there was no general partnership, it would seem that the heirs of C. H. Sternberg, Deceased, were partners in the operation of the farm, and the raising of livestock. Phillips v. Reynolds, 236 Ill. 119; Van Housen v. Copeland, 180 Ill. 74; Parish v. Bainum, 306 Ill. 618, 622; Ditis v. Ahlvin Const. Co., 408 Ill. 416. In the Ditis case, supra, the Court held that the association there was a joint adventure, and in determining what was necessary to constitute a joint adventure or a partnership, the Court said: "We also pointed out in the Parish case that an agreement to share losses is not necessary to constitute one a partner, but that the test is sharing in the profits. Measured by these decisions, the conclusion is strengthened that the substance of the rela-

tionship created between the parties by their transactions was that of joint adventurers." And the Court in that case also said: ". . . and while it is said that a joint adventure is not regarded as identical with a partnership, the relation of the parties is so similar that their rights and liabilities are usually tested by the rules which govern partnerships. We have further held, in considering such land trading ventures, that the parties engaged in such an enterprise, though no general partnership exists, are partners in the particular transaction. (Parish v. Bainum, 306 Ill. 618.)" In the case of Parish v. Bainum, 306 Ill. 618, on page 623, the Court there said: " 'The requisites of a partnership are, that the parties must have joined together to carry on a trade or venture for their common benefit, each contributing property or services and having a community of interests in the profits.' (Meehan v. Valentine, 145 U. S. 611.)"

In the case of Harmon v. Martin, 395 Ill. 595, this language is used: "It is well settled in this state that where parties agree to engage in one or more particular transactions for the purchase and sale of real estate for profit, this constitutes a partnership as to the particular transaction or transactions. (Parish v. Bainum, 306 Ill. 618; Phillips v. Reynolds, 236 Ill. 119; . . . )."

In the case of Rizzo v. Rizzo, 3 Ill.2d 291, the Court said: "The requisites of a partnership are that the parties must have joined together to carry on a trade or venture for their common benefit, each contributing property or services, and having a community of interest in the profits. . . . It has been held that, as between the parties, the existence of a partnership relation is a question of intention to be gathered from all the facts and circumstances. (Goacher v. Bates, 280 Ill. 373.) Written articles of agreement are not necessary, for a partnership may exist under a verbal agreement, and circumstances may be sufficient to es-

266

tablish such an agreement. (Einsweiler v. Einsweiler, 390 Ill. 286, 291; Haug v. Haug, 193 Ill. 645, 647.) Such factors as the mode in which the parties have dealt with each other; the mode in which each has, with the knowledge of the others, dealt with other people, (Van Buskirk v. Van Buskirk, 148 Ill. 9) and the use of a firm name, (Einsweiler v. Einsweiler, 390 Ill. 286,) have been deemed material in determining the existence of a partnership. The essential test, however, is the sharing of the profits, (Parish v. Bainum, 306 Ill. 618,) but it is not necessary that there be a sharing of the losses in order to constitute a partnership."

■ In the case of Einsweiler v. Einsweiler, 390 Ill. 286, that court citing with approval People v. Sholem, 244 Ill. 502, said: "It is well settled in this state that written articles of agreement are not necessary, but that a partnership may exist under a verbal agreement, and circumstances may be sufficient to raise an inference of such an agreement." A partnership may exist even though the partners' contributions, capital and services differ in amount and nature. Carter v. Wright, 275 Ill. App. 224. In this case there was a firm name agreed upon by the heirs, namely the "Carl H. Sternberg Estate, W. F. Sternberg, Agent." Although the evidence shows that a number of names were used, such as Carl H. Sternberg Estate, Carl H. Sternberg Heirs, and others, yet, by the agreement itself, it was to be known as the Carl H. Sternberg Estate. There was a sharing of profits, and the agreement provided for a contribution for losses. There was a holding out to the public that William F. Sternberg was the agent or managing partner for the Carl H. Sternberg Estate, or the Carl H. Sternberg Heirs.

■ It does not appear except in defendant's Exhibit 3 as to just what the money borrowed from the Sternberg Dredging Company was used for, but from Exhibit 3, it appears that the money was placed in the farm account and used in the operation of the

267

business for the benefit of all the heirs. The exhibits also show distribution of profits from the business made to the various heirs. In considering all of the elements that made up the operation of this business, the manner in which it was conducted, the apparent purpose for which the money was borrowed, the apparent use of the money, it would seem to this Court that there can be no question that a partnership in fact, if not in name, was in effect between these seven heirs of Carl H. Sternberg, Deceased. That even though it was not a general partnership, it was a partnership for the particular purposes set forth in the agreement of March 1, 1935. Having held that it was a partnership, the question then arises as to the liability of the estate of William F. Sternberg, Deceased, on these notes. It is true that by the Uniform Partnership Act, the death of a partner terminates the partnership. While the partnership was technically dissolved, the relations of the survivors would not be changed, and if this was an obligation of the partnership at the time the notes were made, the death of Herman J. Sternberg did not change that relationship. Apparently, nothing was done by the surviving partners to wind up the partnership or to have an accounting among themselves. Nevertheless, we do not believe that this would change the status of William F. Sternberg as to liability on these notes. In the case of Parish v. Bainum, supra, where one partner purchased the interest of a partner and the business was continued, the court said this: "While the partnership was technically dissolved the relations of the survivors were not in any way changed." A number of cases have been cited by the claimant that one partner may sue another partner without resorting to a partnership accounting. Most of these cases were decided prior to the enactment of the Uniform Partnership Act.

Other decisions hold that one partner in a business cannot maintain an action at law against the other

upon a demand growing out of the partnership transaction until the accounts are settled and a balance struck. Milligan v. MacKinlay, 209 Ill. 358; Hartzell v. Murray, 224 Ill. 377; Commons v. Snow, 194 Ill. App. 569; Carter v. Wright, 275 Ill. App. 224. The point is not important to this case, unless it is determined that the claimant corporation was in fact Herman J. Sternberg, one of the heirs, and that the money loaned was loaned in fact, by Herman J. Sternberg, and not by the claimant corporation. This will be discussed later in this opinion.

■■ Under the law as it now exists in Illinois, a partner is jointly and severally liable only for wrongful acts or omissions of any partner acting in the ordinary course of the business or for misapplication of property of a third person. *Sections 13 and 14, Chapter 106½, Illinois Revised Statutes.* All other debts and obligations of the partnership create a joint liability against the partners. There is nothing in this record to show that there was any wrongful act or omission on the part of William F. Sternberg acting in the ordinary course of the business of the partnership, and there is nothing to show that he misapplied any property. That being the case, the only liability that could be chargeable to William F. Sternberg, if alive, or to his estate after death, would be a joint liability with the other heirs or partners.

Prior to 1917 the debts of the partnership could be enforced against any one of the partners. But in 1917 this State adopted the Uniform Partnership Act, Chapter 106½, Illinois Revised Statutes, and that Act changed the liability of a partner. Under certain conditions and for certain acts, a partner could be held severally. All other debts of the partnership could only be enforced against the partners jointly.

■ This brings us to the third issue, namely, was the claimant corporation, being owned wholly by one of the heirs, namely Herman J. Sternberg, an agent

of Herman J. Sternberg, and if so, shall the corporation be treated as if Herman was plaintiff herein? It is apparent from the record that Herman J. Sternberg was in absolute control of the corporation, so far as voting authority was concerned. It is probable that the owners of the outstanding two shares, John R. Shepley and Fred A. Sheppard were in fact "dummy" owners or holders. However, as the Circuit Court pointed out, there is nothing in the record to show whose money was advanced for the notes, or that the money advanced was in fact, the money of Herman J. Sternberg. Nothing appears to show the solvency or insolvency of the corporation. By our opinion in Sternberg Dredging Co. v. Estate of Sternberg, 351 Ill. App. 514, this Court recognized the right of the claimant corporation to sue, provided it paid the franchise taxes due the State of Illinois and made its annual reports. This Court has no authority or right to hold, in the absence of proper proof, that the claimant corporation was not in fact the true obligee of the notes. There is nothing in the record to prove agency for Herman J. Sternberg. In support of its position, the defendant estate cites the case of Dregne v. Five Cent Cab Co., 381 Ill. 594. It is true that that case said: "The legal fiction of distinct corporate existence will be disregarded when necessary to circumvent fraud or where the corporation is so organized and controlled, and its affairs so conducted, as to make it a mere instrumentality of another corporation." But in the same opinion, the court also said: "A corporation is an entity separate and distinct from its shareholders and, generally, from other corporations with which it may have relations. Indeed, the fact that the shareholders of two corporations are identical does not, necessarily, mean that the two corporations are to be considered as a single entity." And the Court in that same case quoting from Marr v. Postal Union Life Ins. Co., 40 Cal.App.2d 673, 105 P.2d 649, said: "Before the courts will dis-

regard the corporate entity of one corporation and treat it as the *alter ego* of another, even though the latter may own all the stock of the former, it must further appear that there is such a unity of interest and ownership that the individuality of the one corporation and the owner or owners of its stock has ceased, and further, that the observance of the fiction of separate existence would under the circumstances sanction a fraud or promote injustice." While the language deals with two corporations the reasoning would apply to a corporation and a principal stockholder. In this case, no fraud has been shown. No unity of interest between the stockholders and the corporation has been proved. On the contrary, so far as the record discloses, the corporation was in fact the loaner and the real payee of the notes. We must therefore conclude, that the Sternberg Dredging Company, was and is the proper plaintiff and that the fact that Herman J. Sternberg was in complete control would make no difference, in the absence of any proof that the ownership tended to sanction a fraud or promote injustice.

This disposes of the contention of the defendant that the claimant corporation must be treated as Herman J. Sternberg and therefore as one of the partners. That being the case, an accounting of the partnership is not a condition precedent to suit.

Summarizing, we hold that William F. Sternberg signed the notes in a representative capacity, namely as managing partner or agent for the partnership business; that the business was a partnership; that William F. Sternberg was not guilty of any wrongful act of commission or omission, in the conduct of the business nor did he misapply any of the funds of another so as to render himself severally liable; that the obligation was a partnership obligation; that the Estate of William F. Sternberg, Deceased, under the law of the Uniform Partnership Act, was only liable jointly with the other partners; that the Sternberg Dredging Company,

a corporation, was a separate entity from Herman J. Sternberg; that the Sternberg Dredging Company need not wait for an accounting of the partnership before bringing suit, and that the death of the partner, Herman J. Sternberg terminated the partnership, but that it did not alter the obligations of the partners, as to acts performed or done before the death of Herman J. Sternberg.

To hold otherwise would be to violate the terms of the Uniform Partnership Act, which is the law governing this matter. To hold otherwise would be to penalize the Estate of William F. Sternberg while permitting the other partners who shared in the money obtained from the claimant corporation to avoid their fair share of payment. It may well be that the heirs of C. H. Sternberg did not intend to create a partnership, but the fact that they intended to, and did share in the profits of the business, by law operated to create a partnership, and it being a partnership, obligations of the partnership should be jointly borne and paid. There is a legal obligation and debt owing to the claimant corporation, but it is one of all the partners and not the sole obligation of the Estate of William F. Sternberg, Deceased.

For the reasons above stated, this cause is reversed and remanded.

Reversed and remanded.